Robert E. SELMAN and Pauline Selman, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. CIV–89–2270–A.

United States District Court, W.D. Oklahoma.

March 29, 1990.

Timothy M. Larason, John F. Fischer, Andrews, Davis, Legg, Bixler, Milsten & Price, Oklahoma City, Okl., for plaintiffs.

Timothy D. Leonard, U.S. Atty., Oklahoma City, Okl., for defendant.

## ORDER

ALLEY, District Judge.

*Introduction*

Before the Court for determination is the Motion to Dismiss by the United States. The government asserts there is no subject matter jurisdiction for two reasons. First, 28 U.S.C. § 1346(a)(1) grants jurisdiction to district courts only to hear cases involving tax that was erroneously or illegally collected, and not cases involving abatement of interest already paid. Second, there is no right of judicial review because the applicable tax section, 26 U.S.C. § 6404(e)(1), is committed to agency discretion and there is no law to apply. The plaintiffs, Robert and Pauline Selman, assert that § 1346(a)(1) does indeed extend to abatement of interest, even though the statute only mentions "tax," based on a Connecticut district court case which recognized subject matter jurisdiction when construing § 1346(a)(1) with an unrelated IRS provision. As another basis for § 1346(a)(1) jurisdiction, the Selmans urged in a creative argument that the Court equate "illegal"

and "erroneous" with "abuse of discretion," thus somehow bootstrapping judicial review under the Administrative Procedures Act to § 1346(a)(1).

The Selmans further assert that the "no law to apply" doctrine from *Overton Park* is fatally flawed and should not be followed. Alternatively, if *Overton Park* is followed, the Selmans assert that there is law to apply found buried in the legislative history. That "law to apply" is a standard of whether failure to abate interest would be "widely perceived as unfair."

Thus, the issue before the Court is whether § 1346(a)(1) grants subject matter jurisdiction to district courts to hear cases regarding IRS failure to abate interest, and whether district courts may review actions of the IRS when it refuses to abate interest under § 6404(e)(1).

*Discussion*

The first statute on which defendant relies for its argument of lack of subject matter jurisdiction is 28 U.S.C. § 1346(a)(1). That section gives federal district courts original jurisdiction over civil actions for tax that was erroneously or illegally collected or assessed. It is undisputed by plaintiffs that the subject tax was not illegally or erroneously collected. Instead, what is disputed is the United States's failure to abate interest plaintiffs paid on tax deficiencies. Plaintiffs now want a portion of that interest abated under § 6404(e)(1), and claim the defendant abused its discretion in not abating the interest.

Plaintiffs cite *Triangle Corporation v. United States*, 592 F.Supp. 1316 (D.Conn. 1984) for the proposition that 28 U.S.C. § 1340, read in combination with 28 U.S.C. § 1346(a)(1), grants district courts subject matter jurisdiction to determine interest allegedly due a taxpayer. The *Triangle* court's reasoning was based on a construction of 26 U.S.C. § 6611 which gives a taxpayer a substantive right to interest on tax overpayments, in combination with construction of 28 U.S.C. § 1340 and § 1346. It appears unlikely indeed the court would have reached the same result (finding subject matter jurisdiction) had the IRS provision at issue been § 6404(e)(1), which

grants absolutely no substantive rights. Thus, this Court reads *Triangle* as dependent for its outcome on an IRS statute granting substantive rights. In all likelihood, the United States did not address *Triangle* because that case does not involve the same statute at issue in this case.

■ Plaintiffs next attempt to establish subject matter jurisdiction by equating "illegal" and "erroneous" with "abuse of discretion." Here, plaintiffs would have the Court find that abuse of discretion in failing to abate interest amounts to an illegal or erroneous act. However, semantic maneuvering cannot change the clear meaning of § 1346(a)(1). "Illegal" and "erroneous" have never been synonymous with "abuse of discretion." Plaintiffs offer no authority for this novel argument, presumably because they found none. The Court will not stretch the plain meaning of the language out of reason, and rejects this argument without further comment.

■ Although plaintiffs try to distinguish *Horton Homes, Inc. v. United States*, 727 F.Supp. 1450 (M.D.Ga.1990), a case closer on point cannot be found. There, the plaintiff taxpayers sued the United States because the IRS refused to abate interest on tax deficiencies. The United States asserted a lack of subject matter jurisdiction under 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 6404(e)(1), the very statutes at issue here. The court dismissed the Complaint, citing § 1346(a)(1), but discussing the APA and § 6404(e)(1) as well. In *Horton Homes*, unlike *Triangle*, the court did construe § 1346(a)(1) together with § 6404(e)(1), stating:

> The dispute centers around the non-action of the IRS, i.e. the refusal of the IRS to abate interest pursuant to section 6404(e)(1). Section 1346 does not confer jurisdiction upon this court to hear a case regarding an IRS determination not to abate interest. By making the IRS decision to abate interest discretionary rather than mandatory under § 6404(e), Congress limited a taxpayer's substantive right to compensation from the government for assessed interest. The broad

grant of jurisdiction of § 1346 cannot negate Congress's specific and focused intent with respect to interest abatement in § 6404(e). Section 1346 applies to erroneous collections in general; section 6404(e) applies specifically to erroneous collection of interest. Thus, this court finds that it does not have jurisdiction to hear plaintiff's claims.

*Horton Homes*, 727 F.Supp. at 1453. This Court follows the same reasoning and reaches the same conclusion.

■ Also as in *Horton Homes*, the United States argues that judicial review is precluded because the statutory language of § 6404(e)(1) is so broad that there is no law to apply against which to measure agency discretion. Plaintiffs counter with two salvos.

First, plaintiffs attack the "no law to apply" doctrine from *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971) as without foundation and fatally flawed. Regardless of learned commentary by Kenneth Culp Davis or others, the "no law to apply" doctrine logically flows from the APA itself. Although plaintiffs may not like *Overton Park*, it remains good law and will be followed by this Court.

Second, plaintiffs argue that even if the "no law to apply" doctrine is followed, there is law to apply found in legislative history to § 6404, which recommends that "the IRS should permit abatement where failure to abate interest would be widely perceived as grossly unfair. H.R. Report No. 99–426, 99th Cong. 1st Sess. 844 (1986–3 Cum.Bull. (Vol. 2) 844); Senate Report No. 99–313, 99th Cong., 2nd Sess. 208 (1986–3 Cum.Bull. (Vol. 3) 208)." *See*, Plaintiffs' Brief, p. 7.

The language of "grossly unfair" was not adopted as part of § 6404(e)(1), and plaintiffs point to no cases adopting it. They refer to "grossly unfair" as a set standard for interpretation of agency discretion under § 6404(e)(1), but this Court declines to attach to the language the significance which plaintiffs (understandably) do. Instead, the Court interprets § 6404(e)(1) as a statute to which there is no law to apply, and thus not judicially reviewable. Surely this language would have been included in the statute itself had Congress intended "grossly unfair" to be the judicially reviewable standard.

This issue too was addressed by *Horton Homes:*

In drafting section 6404(e)(1), Congress used the word "may" instead of "shall" in describing the IRS's authority to abate assessments of interest attributable to "error or delay" by IRS officials in performing their ministerial duties. The use of the word "may" makes the power of the IRS to abate interest discretionary or permissive rather than mandatory. (May, unlike shall, is a word of permission). The language of section 6404(e), taken in its entirety, demonstrates that Congress carefully distinguished between discretionary and mandatory abatement of interest. In section 6404(e)(1), Congress used "may," but in 6404(e)(2), used "shall" to establish the IRS's mandatory duty to abate interest assessed on erroneous refunds. Thus, it is clear that Congress used the term "may" in a permissible sense.

     *      *      *      *      *      *

Congress has committed the decision of whether or not to abate interest to the discretion of the Secretary and has not established any guidelines by which this court might review the Secretary's determination. Therefore, this court finds that it does not have jurisdiction to review the IRS's determination that plaintiffs are not entitled to an abatement of interest.

*Horton Homes*, 727 F.Supp. at 1455. Again, this Court agrees with the reasoning and outcome of *Horton Homes*, and finds that under the APA, there is no right to judicial review because § 6404(e)(1) is committed to agency discretion and there is no law to apply.

Defendant's motion to dismiss the Complaint for lack of subject matter jurisdiction is granted.

It is so ordered.