**Robert E. SELMAN and Pauline Selman, Plaintiffs–Appellants,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 90–6200.

United States Court of Appeals, Tenth Circuit.

Aug. 5, 1991.

Timothy M. Larason (John F. Fischer, II with him on the brief), Andrews, Davis, Legg, Bixler, Milsten & Murrah, Oklahoma City, Okl., for plaintiffs-appellants.

Francis M. Allegra, Counselor to the Asst. Atty. Gen., Washington, D.C. (Shirley D. Peterson, Gary R. Allen, Richard Farber, David A. Hubbert, U.S. Dept. of Justice, Tax Div., Washington, D.C. and Timothy D. Leonard, U.S. Atty., Oklahoma City, Okl., on the brief) for defendant-appellee.

Before LOGAN, Circuit Judge, BRIGHT, Senior Circuit Judge *, and BALDOCK, Circuit Judge.

BRIGHT, Senior Circuit Judge.

Robert E. Selman and Pauline Selman (taxpayers) appeal the dismissal of their suit for a refund of interest from the Internal Revenue Service (IRS). The district court ruled that it lacked subject matter jurisdiction and that, even if it had jurisdiction, the abatement of interest was committed solely to the discretion of the IRS and not subject to judicial review. Taxpayers dispute both rulings. We affirm on the ground that the IRS's refusal to abate interest is not subject to judicial review.

I.

In 1984, the IRS began an audit of taxpayers' 1981 and 1982 tax returns. The IRS concluded the audit in 1985 and assessed substantial tax deficiencies. Taxpayers responded by filing a protest to the proposed adjustments with the IRS.

Taxpayers and the IRS reached a tentative settlement agreement on May 19, 1987. The Associate Chief of Appeals accepted the agreement on behalf of the Commissioner of the IRS on August 27, 1987. Pursuant to the settlement, the IRS assessed a deficiency in income tax against the taxpayers for both tax years. The IRS also assessed interest charges for the period of the deficiency pursuant to § 6601 of the Internal Revenue Code.

---

* Honorable Myron H. Bright, United States Senior Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation.

On October 20, 1987, before paying the assessed interest for either year, taxpayers filed a request with the IRS to abate a portion of the assessed interest pursuant to 26 U.S.C. (I.R.C.) § 6404(e)(1) (1988),[1] arguing that the IRS caused the accumulation of at least a portion of the interest due to its own errors or delays. The IRS refused to abate any interest. Over the next two years, taxpayers paid both the assessed income tax and the interest.

On July 25, 1989, taxpayers filed a claim with the IRS for a refund of a portion of the interest paid for the 1981 tax deficiency, again relying upon I.R.C. § 6404(e)(1). Taxpayers filed a similar refund claim for their 1982 interest charges on September 25, 1989.

After the IRS denied their claims, taxpayers commenced this suit in district court on December 29, 1989, seeking a refund of the interest they maintained should have been abated by the IRS. Taxpayers premised subject matter jurisdiction upon 28 U.S.C. § 1346(a)(1) (1988).[2]

The IRS moved to dismiss the complaint on the grounds that the court lacked subject matter jurisdiction and that the issue was not reviewable. The district court granted the motion. *Selman v. United States,* 733 F.Supp. 1444 (W.D.Okla.1990). The district court agreed with the IRS that taxpayers' cause of action did not fall within its subject matter jurisdiction to review tax cases. Alternatively, the district court ruled that even if it had subject matter jurisdiction, the decision to abate interest was committed to agency discretion and therefore not subject to judicial review.

Taxpayers appeal. We conclude that the district court had jurisdiction to entertain this suit, but nonetheless affirm on the basis of the district court's alternate holding.

## II.

### A. Subject Matter Jurisdiction

■ Taxpayers premised subject matter jurisdiction of the district court upon 28 U.S.C. § 1346(a)(1) (1988).[3] According to the taxpayers, section 1346(a)(1) grants subject matter jurisdiction to the district court to consider a claim for refund of interest paid on federal income taxes when the IRS charged excessive interest due to its abuse of discretion in refusing to abate interest under I.R.C. § 6404(e)(1).

The district court ruled that it lacked subject matter jurisdiction, noting that taxpayers did not argue that the IRS had illegally or erroneously collected the underlying tax, but rather that the IRS had abused its discretion in refusing to abate a portion of the assessed interest. 733 F.Supp. at 1445. The district court described taxpayers' argument as an attempt to equate abuse of discretion with illegal or erroneous actions and thus avoid the clear meaning of section 1346(a)(1). *Id.*

The district court's analysis appears to overlook the statute's grant of jurisdiction over cases involving "any sum alleged to

---

1. Congress authorized the Secretary of the Treasury to abate interest due to IRS errors or delays as follows:

   **(e) Assessments of Interest Attributable to Errors and Delays by Internal Revenue Service**
   **(1) In general**
   In the case of any assessment of interest on—
   (A) any deficiency attributable in whole or in part to any error or delay by an officer or employee of the Internal Revenue Service (acting in his official capacity) in performing a ministerial act,
   . . . .
   the Secretary may abate the assessment of all or any part of such interest for any period. For purposes of the preceding sentence, an error or delay shall be taken into account

   only if no significant aspect of such error or delay can be attributed to the taxpayer involved, and after the Internal Revenue Service has contacted the taxpayer in writing with respect to such deficiency or payment.
   I.R.C. § 6404(e)(1).

2. 28 U.S.C. § 1346(a)(1) (1988) reads as follows:
   (a) The district courts shall have original jurisdiction . . . of:
   (1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws.

3. For text of statute, *see supra* note 2.

have been excessive ... under the internal-revenue laws." 28 U.S.C. § 1346(a)(1). In *Flora v. United States*, 362 U.S. 145, 149, 80 S.Ct. 630, 632, 4 L.Ed.2d 623 (1959), the Supreme Court recognized that section 1346(a)(1) should be read in the disjunctive:

> But we believe that the statute more readily lends itself to the disjunctive reading which is suggested by the connective "or." That is, "any sum," instead of being related to "any internal-revenue tax" and "any penalty," may refer to amounts which are neither taxes nor penalties. Under this interpretation, the function of the phrase is to permit suit for recovery of items which might not be designated as either "taxes" or "penalties" by Congress or the courts. One obvious example of such a "sum" is interest.

*Id.* Thus, a complaint failing to allege that the IRS erroneously or illegally assessed or collected a tax does not automatically fall outside of the district court's jurisdiction. The district court also has jurisdiction over claims based upon allegedly excessive sums. Consequently, the district court's determination that abuse of discretion does not amount to an illegal or erroneous act,[4] 733 F.Supp. at 1445, did not resolve the inquiry.

After reviewing section 1346(a)(1) in its entirety, we conclude that taxpayers' cause of action, alleging that they paid excessive interest charges because the IRS abused its discretion in refusing to abate interest pursuant to I.R.C. § 6404(e)(1), falls within the district court's jurisdiction to decide cases regarding "any sum alleged to have been excessive ... under the internal-revenue laws," 28 U.S.C. § 1346(a)(1), and therefore the district court had subject matter jurisdiction.[5]

## B. Judicial Review of Determinations under Section 6404(e)(1)

Taxpayers rely on the Administrative Procedure Act (APA), 5 U.S.C. §§ 501–706 (1988) (amended 1990), to establish judicial review of the IRS's refusal to abate interest. They argue that the APA's judicial review chapter, 5 U.S.C. §§ 701–706, directs a court to review agency action under the circumstances of this case.[6] However, taxpayers overlook a preliminary step: whether the APA applies at all. *See* 5 U.S.C. § 701(a). "[B]efore any review at all may be had, a party must first clear the hurdle of § 701(a) [of the APA]." *Heckler v. Chaney*, 470 U.S. 821, 828, 105 S.Ct. 1649, 1654, 84 L.Ed.2d 714 (1985).

Section 701(a) limits application of the entire APA as follows:

> This chapter applies, according to the provisions thereof, except to the extent that—
>
> > (1) statutes preclude judicial review; or
> >
> > (2) agency action is committed to agency discretion by law.

5 U.S.C. § 701(a). Therefore, before a court engages in review under the other sections, it must determine whether a stat-

---

**4.** In light of our holding, we need not address the validity of the district court's conclusion that abuse of discretion cannot amount to an illegal or erroneous action.

**5.** In reaching its decision, the district court relied, in large part, on *Horton Homes, Inc. v. United States*, 727 F.Supp. 1450, 1455 (M.D.Ga. 1990), *aff'd in part*, 936 F.2d 548 (11th Cir.1991). That case decided precisely the same issues as presented by this appeal. Like the district court's analysis in this case, however, *Horton Homes'* analysis of subject matter jurisdiction fails to address the plain language of 28 U.S.C. § 1346(a)(1) (1988) and therefore fails to withstand scrutiny. *See Horton Homes*, 727 F.Supp. at 1453. Moreover, the Eleventh Circuit agrees. *See Horton Homes*, 936 F.2d at 554.

**6.** Specifically, taxpayers rely on two provisions—

5 U.S.C. § 704 (1988):
> Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review[;]

and 5 U.S.C. § 706 (1988):
> The reviewing court shall—
>
> ....
>
> (2) hold unlawful and set aside agency action, findings, and conclusions found to be—
> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
> ....
> (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right....

ute precludes review or the matter is committed to agency discretion. The Supreme Court has explained the distinction between §§ 701(a)(1) and (a)(2): subsection (a)(1) concerns expressed Congressional intent to prohibit judicial review; subsection (a)(2) applies where the statute provides no law to apply. *Webster v. Doe*, 486 U.S. 592, 599, 108 S.Ct. 2047, 2051–52, 100 L.Ed.2d 632 (1987).

We begin our analysis of this issue by examining the language of section 6404(e)(1).[7] The statutory language does not expressly preclude judicial review. Furthermore, the parties have not directed us to, nor have we found, any other statutes precluding review of this issue. Thus, the first exception does not apply and we will focus on the second exception to judicial review contained in section 701(a)(2)— whether the action is "committed to agency discretion by law."

Generally, this exception is triggered "in those rare instances where 'statutes are drawn in such broad terms that in a given case there is no law to apply.'" *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 410, 91 S.Ct. 814, 821, 28 L.Ed.2d 136 (1971) (quoting S.Rep. No. 752, 79th Cong., 1st Sess. 26 (1945)). The Supreme Court has elaborated on this exception as follows:

> [E]ven where Congress has not affirmatively precluded review, review is not to be had if the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion. In such a case, the statute ("law") can be taken to have "committed" the decisionmaking to the agency's judgment absolutely. This construction avoids conflict with the "abuse of discretion" standard of review in § 706—if no judicially manageable standards are available for judging how and when an agency should exercise its dis-

cretion, then it is impossible to evaluate agency action for "abuse of discretion." *Heckler*, 470 U.S. at 830, 105 S.Ct. at 1655.

Such is the case here. The language of the statute fails to provide a court with any substantive standards by which to review the agency's action. *Accord Horton Homes, Inc. v. United States*, 727 F.Supp. 1450, 1455 (M.D.Ga.1990), *aff'd in part*, 936 F.2d 548 (11th Cir.1991) (holding failure to abate interest not subject to judicial review); *Brahms v. United States*, 18 Cl. Ct. 471, 476 (1989). Although the statute authorizes the Secretary[8] to abate interest attributable to certain IRS errors or delays, it neither indicates that such authority should be used universally nor provides any basis for distinguishing between the instances in which abatement should and should not be granted.

Taxpayers contend that language found in the legislative history supplies the court with a standard by which to review the Secretary's determination. Specifically, taxpayers rely on a statement in the Congressional committee reports that: "the provision be utilized in instances where failure to abate interest would be widely perceived as grossly unfair." H.R.Rep. No. 426, 99th Cong., 1st Sess., pt. 17, at 844 (1986); S.Rep. No. 313, 99th Cong., 2d Sess. 208 (1986).

We reject taxpayers' contention. Such an amorphous statement as "widely perceived as grossly unfair" hardly provides a reviewing court with substantive standards by which to evaluate agency action. *See, e.g., Community Action of Laramie County, Inc. v. Bowen*, 866 F.2d 347, 353 (10th Cir.1989) (stated provisions did not set "substantive priorities" for determining when Health and Human Services should revoke a grant). Most troubling is the lack of guidance as to whose perception governs: widely perceived by whom? Furthermore, after reviewing the statement in context, we are convinced that Congress intended this statement as an admonition to

---

**7.** For text of statute, *see supra* note 1.

**8.** Although the Secretary has delegated this authority to the IRS, to simplify the discussion, we will refer to the decisionmaker as the Secretary.

No dispute exists regarding the propriety of the Secretary's delegation of this authority to the IRS.

the Secretary to use this authority sparingly, not as a substantive standard defining when to abate.[9]

Finally, taxpayers argue that our application of the "no law to apply" doctrine should be curtailed by the strong presumption favoring judicial review.[10] *See, e.g., Abbott Laboratories v. Gardner,* 387 U.S. 136, 141, 87 S.Ct. 1507, 1511–12, 18 L.Ed.2d 681 (1967). According to taxpayers, this presumption can only be overcome by clear and convincing evidence of a contrary legislative intent. *See id.* In the area of preclusion analysis, however, the Supreme Court has cautioned that "the 'clear and convincing evidence' standard is not a rigid evidentiary test but a useful reminder to courts that, where substantial doubt about the Congressional intent exists, the general presumption favoring judicial review of administrative action is controlling." *Block v. Community Nutrition Inst.,* 467 U.S. 340, 351, 104 S.Ct. 2450, 2456–57, 81 L.Ed.2d 270 (1983). Thus, the standard is met and the presumption overcome, "whenever the congressional intent to preclude judicial review is 'fairly discernible in the statutory scheme.'" *Id.* (quoting *Data Processing Serv. v. Camp,* 397 U.S. 150, 157, 90 S.Ct. 827, 832, 25 L.Ed.2d 184 (1970)).

We conclude that Congressional intent to preclude judicial review is "fairly discernible in the statutory scheme" of I.R.C. § 6404(e). First, the plain language of section 6404(e)(1) suggests that the Secretary's determination is not subject to judicial review. The statute clearly speaks in permissive, not mandatory, language: "the Secretary *may* abate." I.R.C. § 6404(e)(1) (emphasis added).

Second, section 6404(e), read in its entirety, demonstrates that Congress carefully distinguished between discretionary and mandatory authority to abate interest. In contrast to subsection (e)(1)'s permissive language, in subsection (e)(2), Congress directed that "[t]he Secretary *shall* abate the assessment of all interest on any erroneous refund under section 6602 until the date demand for repayment is made." I.R.C. § 6404(e)(2) (emphasis added). The fact that Congress employed both permissive and mandatory language indicates that Congress intentionally sought to commit the former to the agency's discretion while controlling the agency's action in the latter.[11] *Accord Horton Homes,* 727 F.Supp. at 1455; *Brahms,* 18 Cl.Ct. at 475–76.

Additionally, we note that the legislative history behind I.R.C. § 6404(e) further supports our conclusion. Both the House and Senate reports explain that "[t]he Act gives the IRS the authority to abate interest *but does not mandate that it do so* (except that the IRS must do so in cases of certain erroneous refunds ...)" (emphasis added). H.R.Rep. No. 426, 99th Cong., 1st Sess., pt. 17, at 844 (1986); S.Rep. No. 313, 99th Cong., 2d Sess. 208 (1986). This contrast clearly evinces Congress's intent to commit the abatement of interest pursuant to subsection (e)(1) to the discretion of the Secretary.

We thus conclude that the language, structure and legislative history of I.R.C. § 6404(e)(1) indicate that Congress meant to commit the abatement of interest to the Secretary's discretion and therefore, 5 U.S.C. § 701(a)(2) precludes judicial review.

## III.

Accordingly, we affirm the district court's dismissal on the ground that the

---

**9.** The entire sentence reads: "The committee does not intend that this provision be used routinely to avoid payment of interest; rather, it intends that the provision be utilized in instances where failure to abate interest would be widely perceived as grossly unfair." H.R.Rep. No. 426, 99th Cong., 1st Sess. 844 (1986); S.Rep. No. 313, 99th Cong., 2d Sess. 208 (1986).

**10.** Taxpayers also suggest that to the extent the *Overton Park* "no law to apply" doctrine, *see*

*Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971), prohibits review in this instance, it should not be followed. Suffice it to say that as a court of appeals we are bound to follow Supreme Court precedent.

**11.** We note that Congress enacted both subsections at the same time. *See* Pub.L. No. 99–514, § 1563(a), 100 Stat. 2762 (1986).

 

refusal to abate interest is not subject to judicial review.

IT IS SO ORDERED.