**Wendell F. DIXON and Martha A. Dixon, Plaintiffs,**

**v.**

**UNITED STATES of America, Defendant.**

**No. EV 92–58–C.**

United States District Court,
S.D. Indiana,
Evansville Division.

Oct. 27, 1993.

814

Theodore Lockyear, Lockyear & Kornblum, Evansville, IN, for plaintiffs.

Douglas W. Snoeyenbos, U.S. Dept. of Justice, Washington DC, Jeffrey L. Hunter, U.S. Atty's Office, Indianapolis, IN, for defendant.

### ORDER

BROOKS, Chief Judge.

This matter is before the Court on the "United States' Motion to Dismiss Count I for Failure to State a Claim, or, in the Alternative, for Summary Judgment; to Dismiss Count II for Failure to State a Claim; and for Summary Judgment on Count III" filed on June 24, 1992. A supporting memorandum was filed that same date. Plaintiffs responded by filing a "Memorandum in Opposition to Defendant's Motion to Dismiss and/or Summary Judgment" on September 1, 1992. The "United States' Reply to Plaintiffs' Memorandum in Opposition" was filed on September 30, 1992.

The Court, being duly advised, now **GRANTS** the United States' Motion to Dismiss Counts I and II for failure to state a claim. The Court also **GRANTS** defendant's motion for summary judgment as to Count

1. The Internal Revenue Code in § 6621(c) governs interest on substantial underpayments attributable to tax motivated transactions.

2. The defendant also states that to the extent that Count II may rest on an estoppel theory, defen-

III. This case is therefore **DISMISSED** in its entirety.

**IT IS SO ORDERED.**

### *MEMORANDUM*

This cause of action is one in which the plaintiffs seek a refund of the interest assessed by and paid to the U.S. Internal Revenue Service under 26 U.S.C. § 6621(c).[1] Plaintiffs propound three theories of recovery in their Complaint.

In Count I, plaintiffs contend that they in no way participated in the preparation and filing of the tax returns of TM Midland Realty Limited Partnership (hereafter "the Partnership"), which appears to be the underlying cause of plaintiffs' tax and interest assessment. Due to their lack of participation and knowledge, plaintiffs argue that the assessment of an additional 20% as a tax-motivated transaction is unlawful. In Count II, plaintiffs contend that the IRS unreasonably delayed the disallowance of the interest deductions by the Partnership and in assessing tax and interest on the deficiency on plaintiffs as limited partners. Plaintiffs argue that since the delay resulted solely from the acts of the IRS, they should not be accountable for the additional 20% interest. In Count III, plaintiffs state that they signed a Form 870–P prepared and agreed to by the IRS which provided, "there are no penalties or additions to tax to the partners." Plaintiffs contend that the assessment of the additional 20% is in violation of that agreement in that it is a penalty.

In their motion, defendant contends that plaintiffs have failed to state a claim on which relief can be granted in Count I. Defendant contends that Count II should be dismissed for failure to state a claim because § 6621(c) imposes no time restraints upon the IRS in resolving tax shelter issues.[2] As to Count III, the defense proposes that it should be dismissed because § 6621(c) is not a penalty, because the agreement between plaintiffs

dant notes that plaintiffs have failed to allege either a misrepresentation, detrimental reliance, or affirmative misconduct and therefore have failed to state a claim on that theory also. See Footnote 6.

and the IRS did not include a rate of interest, and because Form 870–P clearly stated that the IRS intended to assess interest at the 120% rate.

### Findings of Fact

The following facts appear to be undisputed:

1. Wendell Dixon and Martha Dixon purchased a limited partnership interest in TM Midland Realty Limited Partnership in 1982. They were not the general partner.

2. The plaintiffs were issued Form 1065, Schedule K–1, by the Partnership. The Partnership used the Rule of 78's in computing the information provided to the plaintiffs on Form 1065, Schedule K–1.

3. The IRS gave plaintiffs notice of its audit of the Partnership in June, 1986. After auditing the Partnership, the IRS determined that the Partnership had improperly used the Rule of 78's in deducting interest for the years 1983 through 1987.

4. As a result of the IRS' disallowance of the use of the Rule of 78's, the plaintiffs, as limited partners, were assessed additional tax for the years 1983 through 1987. The plaintiffs paid this tax.

5. The IRS also assessed interest at the rate of 120% on the theory that the Schedule K–1 deduction claimed by the plaintiffs was a tax motivated transaction under § 6621(c). The plaintiffs have paid this amount also.

6. On September 24, 1990, plaintiffs signed five Forms 870–P, one for each year between 1983 and 1987. The 1983, 1984 and 1985 Forms 870–P were accepted by the IRS on October 19, 1990; the 1986 and 1987 forms were accepted on October 1, 1990 by the IRS.

7. The Forms 870–P which were submitted for the years 1984 through 1987 provide that "[t]here are no penalties or additions to tax to the partners" and "annual rate of interest payable on the partner's tax deficiencies ... shall be 120% of the adjusted rate established under section 6621(b) of the Internal Revenue Code." The 1983 form does not contain this language.

### Discussion

It is appropriate to begin the Court's discussion by determining whether § 6621(c) is a penalty or an interest provision. Such a determination will have a bearing on the remaining issues in this case.

The Internal Revenue Code provides as follows:

**§ 6621. Determination of rate of interest**

\*      \*      \*      \*      \*      \*

**(c) Interest on substantial underpayments attributable to tax motivated transactions.—**

(1) **In general.**—In the case of interest payable under section 6601 with respect to any substantial underpayment attributable to tax motivated transactions, the rate of interest established under this section shall be 120 percent of the underpayment rate established under this section.

Plaintiffs argue that § 6621(c) operates as an "interest penalty." Plaintiffs also argue that even if it is assumed that the 120% is solely interest, when compounded over several years, it loses its interest characteristics and becomes a penalty. However, plaintiffs cite no authority supporting this proposition.

It is well settled that a court need not look beyond the words to interpret a statute if the language is clear and unambiguous. *Meredith v. Bowen*, 833 F.2d 650 (7th Cir.1987). If a statute is unambiguous, the plain language is the best evidence of its meaning. *Id.*

The Court concludes that the language of § 6621(c) is unambiguous; it is susceptible of only one interpretation. The language of the statute specifically designates the 120% as interest. Nowhere does the word "penalty" appear. In addition, as defendant has pointed out, Chapter 67 of the Internal Revenue Code is entitled "Interest." Section 6621 is included within Chapter 67. Penalty provisions are included in Chapter 68, which is entitled "Additions to the Tax, Additional Amounts, and Assessable Penalties." It is clear to this Court that the 120% payment imposed by § 6621(c) is an interest provision.

Another preliminary determination which will have a bearing on the remaining issues in this case is whether the tax motivation transaction analysis is made at the partnership level or at the partner level. Neither party has cited authority to assist the Court in this determination, and the Court was unable to find any case directly on point. Thus the Court analogizes this case to one in which the issue was one of profit motive.

In *Simon v. Commissioner*, 830 F.2d 499 (3rd Cir.1987), the Commissioner of Internal Revenue determined that a limited partnership did not enter into a coal mining venture for the predominant purpose of making a profit. As a result, the partnership's claimed deductions for trade and business expenses under 26 U.S.C. § 162(a) were disallowed. One of the issues in the case was at which level the partnership's profit objective should be scrutinized. The limited partners were claiming that even if the partnership did not have a profit objective, some of the individual investors (i.e., limited partners) did have a profit motive. The Court stated that "(t)he law is settled that the determination of whether an expense is deductible under 26 U.S.C. § 162(a) is controlled by the partnership's motive, not by an individual partner's motive." *Id.* Thus even if the individual partners may have had a profit motive, it was the *partnership's* motive that was inferred to them.

Based on this analogy, the Court holds that the tax motivated transaction analysis is performed at the partnership level. The results of that analysis are then inferred to the individual partners, and it is they who either enjoy or suffer the consequences.

### Count I

Having made these initial determinations, the Court turns to the specific issues raised by defendant's motion. In Count I, plaintiffs claim that since they had no partic-ipation in the preparation and filing of the tax returns of the Partnership and no knowledge of the contents of the Partnership's returns, they should not be held accountable for the Partnership's use of the Rule of 78's resulting in the § 6621(c) interest assessment against them. While plaintiffs readily admit that the Partnership erred in using the Rule of 78's,[3] they argue that their claim should be allowed since they had no control over the preparation of the tax returns, never saw the tax returns, and had no control over the use of the rate of amortization used by the general partner's tax accountants. (See plaintiffs' brief in opposition, p. 5.) However, plaintiffs cite no authority in support of this proposition. The defendant contends that plaintiffs have failed to state a claim upon which relief can be granted.[4]

The Court grants defendant's motion to dismiss as to Count I; plaintiffs have failed to state a claim upon which relief can be granted. The Court's rationale is based on its finding that as a matter of law plaintiffs' substantial underpayment was attributable to a tax motivated transaction.

Section 6621(c) of Title 26 of the United States Code provides for 120% interest when there is a substantial underpayment[5] attributable to tax motivated transactions. Section 6621(c) provides that "any use of an accounting method specified in regulations prescribed by the Secretary as a use which may result in a substantial distortion of income for any period ..." qualifies as a tax motivated transaction. This is clearly an objective test and does not require inquiry into the subjective mind of the taxpayer.

Treasury Regulation § 301.6621–2T, A–3(3) proscribes the use of a method of computing interest deductions which results in the amount of interest exceeding the true cost of indebtedness because it may result in a substantial distortion of income. The Rule

---

3. The Rule of 78's can result in an unclear reflection of the partnership's income. For thorough discussion of the Rule of 78's, see *Prabel v. Commissioner*, 91 T.C. 1101, 1988 WL 138769 (1988), *aff'd*, 882 F.2d 820 (3rd Cir.1989).

4. Defendant has withdrawn its alternative motion for summary judgment.

5. Substantial underpayment is defined as "any underpayment of taxes ... which is attributable to 1 or more tax motivated transactions if the amount of the underpayment for such year so attributable exceeds $1000." Neither party has raised the substantiality of the underpayment as an issue.

of 78's has been found to be a method of computing interest expense resulting in interest exceeding the true cost of indebtedness. *See Prabel v. Commissioner, supra.* This Court concludes that the Rule of 78's fits within the definition of tax motivated transactions as set out in § 6621(c).

As the initial determination of this decision indicates, the inquiry of tax motivated transactions takes place at the partnership level, not at the individual partner level. That determination is inferred to the limited partners. Plaintiffs admit that the Partnership erroneously used the Rule of 78's in preparing its tax returns. This resulted in the Partnership's income being substantially underreported to the plaintiffs and the plaintiffs' personal income tax returns reflecting excessive interest deductions. Regardless of whether the plaintiffs were personally motivated by the tax considerations, it is they who must suffer the consequences of the Partnership's use of the Rule of 78's. Plaintiffs' remedy for the Partnership's erroneous use of this method of accounting does not lie against the IRS. Therefore the Court finds that the motion to dismiss Count I should be granted for failure to state a claim upon which relief can be granted.

### Count II

■ Count II complains that defendant unreasonably delayed in completing its examination. Plaintiffs argue that because the delay resulted solely from the acts of the IRS, they should not be charged the additional 20% interest. This Court finds that Count II fails to state a claim upon which relief can be granted for a number of reasons.[6]

First plaintiffs have failed to provide this Court with any statutory or case authority imposing a duty upon the IRS to resolve an issue within a particular time frame. The only "authority" cited by plaintiffs is the Treasury publication entitled "Your Rights As A Taxpayer." The plaintiffs point to the section in the publication regarding "Interest." That section states that while interest

may be assessed, "if [the IRS'] error caused a delay in [the taxpayer's] case and this was grossly unfair, the [taxpayer] *may* be entitled to a reduction in the interest." (Emphasis supplied.) 26 U.S.C. § 6404(e) provides the basis for this portion of the publication's language. Subsection "e" is entitled "Assessments of interest attributable to errors and delays by Internal Revenue Service." It provides that "the Secretary *may* abate the assessment of all or any part of such interest for any period." (Emphasis supplied.) The fact that the word "may" was used instead of "shall" or "must" indicates that the Secretary's decision is discretionary and not mandatory. Several cases have held that judicial review is precluded by the discretionary language and legislative history behind § 6404(e). *See Horton Homes, Inc. v. United States,* 936 F.2d 548 (11th Cir.1991), and *Selman v. United States,* 941 F.2d 1060 (10th Cir.1991). In sum, the decision as to whether there should be an abatement of interest is left to the discretion of the Secretary.

The Court also notes, as previously discussed, that the entire 120% figure is to be considered interest and not a penalty. Because it is characterized as interest, it is meant to compensate the delay in payment similar to interest on a loan. Interest is assessed in order to compensate the government for the period during which it was deprived of the use of the money. *Vick v. Phinney,* 414 F.2d 444 (5th Cir.1969). It thus can be reasoned that the government was without the use of the money during the period for which interest is being assessed and is entitled to interest on that figure.

For the foregoing reasons, the Court finds Count II of plaintiffs' Complaint should be dismissed for failure to state a claim.

### Count III

■ Count III of plaintiffs' Complaint alleges that the assessment of the interest pursuant to § 6621(c) violated the terms set forth in the Forms 870–P executed between the plaintiffs and defendant. Plaintiffs point to the language of the forms that states that

6. The government raised a defense to an estoppel theory in its brief in support if its motion to dismiss filed June 24. 1992. However, the plaintiffs have not asserted a claim based on estoppel. Because the plaintiffs have not raised such a claim, the Court declines to discuss this issue.

818

"there are no penalties or additions to tax to the partners." Plaintiffs premise their argument on "the theory that the defendant by its unconscionable delay and by the compounding of the one hundred twenty percent interest has imposed a penalty upon the taxpayer." (See plaintiffs' memorandum in opposition filed September 1, 1992, p. 6.)

The Court finds that there is no genuine issue of material fact regarding Count III and that, as a matter of law, Count III should be dismissed. As the Court has previously discussed, the 120% figure is to be considered interest and not a penalty. Thus the main thrust of plaintiffs' argument is defeated. In addition, the Forms 870–P for the years of 1984, 1985, 1986 and 1987 clearly state that "the annual rate of interest payable on the partner's tax deficiencies ... shall be 120% of the adjusted rate established under section 6621(b) of the Internal Revenue Code." It is clear to this Court and should have been clear to the taxpayer at the time they executed the documents that the 120% interest figure would be calculated on the assessed deficiencies.

It is true that the Form 870–P for 1983 does not contain the explicit language found on the other forms. However, the 1983 form was signed on the same date as the other forms. In addition, plaintiffs have not submitted any affidavits or other evidence to indicate that they were led to believe that interest would not be assessed against the 1983 tax deficiency.

The Court therefore finds that defendant's motion for summary judgment as to Count III should be granted and said count should be dismissed.

### Conclusion

Count I and II are **DISMISSED** for failure to state a claim. The Court also **GRANTS** defendant's motion for summary judgment as to Count III.