37 F.3d 1498
 74 A.F.T.R.2d 94-6612
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harold H. DUNN, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-2472.
 United States Court of Appeals, Sixth Circuit.
 Sept. 30, 1994.
 
 1
 Before: RYAN and SILER, Circuit Judges, and DOWD, District Judge.*
 
 ORDER
 
 2
 Harold H. Dunn appeals a district court order dismissing his complaint seeking tax refunds. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1992, Dunn filed a six count complaint seeking the refund of federal income taxes, penalties, and interest paid for the tax years 1978 through 1983, as well as damages resulting from the denial of a jury trial. The district court granted summary judgment for the defendant, concluding that count one of Dunn's complaint was barred by the doctrine of res judicata, counts two and three were barred by the doctrine of equitable estoppel, the IRS's decision in counts four and five were not subject to district court review, count six was moot as the parties had resolved that claim, and Dunn had not been entitled to a jury trial in the IRS proceedings. Dunn subsequently filed a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e), which the district court denied. Dunn has filed a timely appeal from the underlying judgment.
 
 
 4
 Initially, we note that Dunn has not challenged the district court's dismissal of counts one, four, and six raised in his complaint, nor its conclusion that he had not been entitled to a jury trial. Therefore, these issues are considered abandoned on appeal and we decline to review them. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 5
 Upon review, we conclude that the district court properly granted summary judgment for the defendant as there is no genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The district court correctly determined that Dunn did not raise a genuine issue of material fact regarding the contents of the form 870-AD, because Dunn failed to present any evidence in support of his assertions. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). In light of the language contained on the back of that form, the United States was entitled to judgment as a matter of law, because Dunn was equitably estopped from challenging the resolution of tax liabilities made in that form. See Elbo Coals, Inc. v. United States, 763 F.2d 818, 820-21 (6th Cir.1985). Further, the district court correctly concluded that the IRS's decision not to abate certain interest paid by Dunn, as challenged in count five of his complaint, was entirely discretionary with that agency and not subject to judicial review. See Selman v. United States, 941 F.2d 1060, 1062-64 (10th Cir.1991).
 
 
 6
 Accordingly, we affirm the judgment for the reasons set forth in the district court's memorandum opinion filed on August 27, 1993. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David D. Dowd, Jr., U.S. District Judge for the Northern District of Ohio, sitting by designation