39 F.3d 1197
 74 A.F.T.R.2d 94-6791
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Joseph E. SCEILI and Fay A. Sceili, Plaintiffs-Appellants,
v.
The UNITED STATES, Defendant-Appellee.
 No. 94-5101.
 United States Court of Appeals, Federal Circuit.
 Oct. 14, 1994.
 
 Before ARCHER, Chief Judge, RICH, and NEWMAN, Circuit Judges.
 RICH, Circuit Judge.
 
 DECISION
 
 1
 Joseph E. Sceili and Fay A. Sceili (the Sceilis) appeal from the judgment of the United States Court of Federal Claims (Claims Court) dismissing their complaint seeking a refund of interest assessed on a tax deficiency. Sceili v. United States, No. 92-673 T (Cl.Ct. January 31, 1994). Because the refusal of the Internal Revenue Service (IRS) to abate interest under 26 U.S.C. Sec. 6404(e)(1) (1988) is not subject to judicial review and because no estoppel was created by the IRS, we affirm.
 
 DISCUSSION
 
 2
 The Sceilis claimed deductions for certain investments in the Indian Creek Mining tax shelter on their 1981 tax return. The IRS notified the Sceilis that it intended to disallow these deductions. Following a petition in the U.S. Tax Court, the Sceilis stipulated to pay an $18,949.99 tax deficiency. That amount was formally assessed by the IRS on February 20, 1990 along with $31,740.36 in interest. On March 26, 1990, the IRS abated $4,894.50 of assessed interest. The Sceilis discharged their 1981 tax liability completely on June 17, 1992.
 
 
 3
 The Sceilis' tax return for the 1982 tax year also claimed deductions for certain tax shelters which the IRS indicated it intended to disallow. The IRS assessed a tax deficiency of $9,945.44 and interest in the amount of $14,793.59. The IRS subsequently assessed an additional $1,174.54 in interest. The Sceilis paid $25,913.59 to fully discharge their 1982 tax liability.
 
 
 4
 On June 27, 1990 and September 28, 1990, respectively, the Sceilis filed claims for abatement or refund of the interest assessed for the 1981 and 1982 tax years. The Sceilis argued that a four year delay by the IRS resulted in the interest assessment and justified abatement under 26 U.S.C. Sec. 6404(e)(1).
 
 
 5
 By letter dated April 23, 1992, the IRS denied the Sceilis' requests for abatement and advised them that they could pursue their abatement claims by filing claims in the Claims Court within two years. The Sceilis filed such a claim on September 27, 1992 asserting that the IRS abused its discretion in denying their abatement requests.
 
 
 6
 Upon motion by the government, the Claims Court dismissed the Sceilis' complaint based upon its finding that it did not have subject matter jurisdiction because the IRS's abatement decision was committed to agency discretion by Sec. 6404(e)(1) and because Sec. 6404(e)(1) is not a money-mandating statute. The Sceilis appealed the dismissal to this court. We have jurisdiction under 28 U.S.C. Sec. 1295(a)(3) (1988).
 
 
 7
 Whether the Claims Court properly granted the government's motion to dismiss is a question of law, which we review de novo. See Rocovich v. United States, 933 F.2d 991, 993 (Fed.Cir.1991). The burden is on the party seeking exercise of a court's jurisdiction to establish that jurisdiction actually exists. Id.
 
 
 8
 Section 6404(e) is entitled "Assessments of interest attributable to errors and delays by Internal Revenue Service." Subsection (1) sets forth that
 
 
 9
 (1) In general
 
 
 10
 In the case of any assessment of interest on--
 
 
 11
 (A) any deficiency attributable in whole or in part to any error or delay by an officer or employee of the Internal Revenue Service (acting in his official capacity) in performing a ministerial act, ...
 
 
 12
 the Secretary may abate the assessment of all or any part of such interest for any period.
 
 
 13
 26 U.S.C. Sec. 6404(e)(1)(A).
 
 
 14
 The regulations promulgated with regard to Sec. 6404(e) are set forth in 26 C.F.R. Sec. 301.6404-2T (1993) and provide that "the Commissioner may (in his or her discretion) abate the assessment of all or any part of interest on" taxes "attributable in whole or in part to an error or delay by any officer or employee of the Internal Revenue Service."
 
 
 15
 We agree with the Claims Court that the context of Sec. 6404(e)(1) indicates that "may" is used in the permissive sense thus allowing the Commissioner to abate interest where the Commissioner determines that such action is appropriate. Section 6404(e)(1) does not mandate the Commissioner to abate interest in any particular case.
 
 
 16
 We also note that Sec. 6404(e)(2) provides certain circumstances, not otherwise applicable here, where the Commissioner "shall" abate interest. "When, within the same statute, Congress uses both 'shall' and 'may,' it is differentiating between mandatory and discretionary tasks." Huston v. United States, 956 F.2d 259, 262 (Fed.Cir.1992) (citation omitted). When viewed in terms of the statutory scheme, the abatement of interest allegedly attributable to error or delay by the IRS is solely within the agency's discretion. This is confirmed by the legislative history and the IRS's own statutory interpretation as indicated by its promulgated regulations excerpted above. Additionally, the absence of any substantive or meaningful standards in the express language or legislative history of Sec. 6404(e)(1) by which to review the IRS's decision supports the conclusion that Congress committed the matter solely to the agency's discretion. See Heckler v. Chaney, 470 U.S. 821, 830 (1985).
 
 
 17
 As abatement of interest assessed against the Sceilis under 26 U.S.C. Sec. 6404(e)(1) was discretionary with the IRS, refusal to abate by the IRS is not subject to judicial review.[1]
 
 
 18
 The Sceilis also argue that the IRS is estopped from asserting that judicial review is precluded because in its letter denying their abatement request, the IRS notified them that the denial could be appealed to the Claims Court. Any indication, however, by the IRS that the Sceilis' appeal was subject to judicial review by the Claims Court could not mandate such review.
 
 
 19
 For the reasons set forth above, the Claims Court's dismissal of the Sceilis' appeal must be affirmed.
 
 
 
 [1]
 Our holding is consistent with other circuits that have considered this issue. See Horton Homes, Inc. v. United States, 936 F.2d 548 (11th Cir.1991); Selman v. United States, 941 F.2d 1060 (10th Cir.1991)