# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

---

No. 97-2317

---

Henry J. Langer; Patricia K. Langer, *
*
Appellants, * Appeal from the United States
* District Court for the District
v. * of Minnesota.
*
United States of America, * [UNPUBLISHED]
*
Appellee. *

---

Submitted: October 9, 1997
Filed: October 15, 1997

---

Before FAGG, BOWMAN, and MURPHY, Circuit Judges.

---

PER CURIAM.

Henry J. and Patricia K. Langer brought this action against the United States alleging that the Internal Revenue Service (IRS) subjected them to grossly unfair treatment by denying their request for abatement of interest charged on their 1983 and 1984 tax deficiencies. The District Court[1] granted the motion of the United

---

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, adopting the report and recommendation of the Honorable John M.

States for

Mason, United States Magistrate Judge for the District of Minnesota.

judgment on the pleadings and to dismiss. The Langers appeal, and we affirm.

At issue in this appeal is a decision by the IRS under 26 U.S.C. § 6404(e)(1) (1994), which provides that the Secretary "may abate the assessment of all or any part" of the interest assessed on tax deficiencies when error or delay caused by an IRS officer or employee in performing a ministerial act causes or contributes to the deficiency. After de novo review, see Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990) (standard of review), we agree with the District Court that the decision by the IRS to deny abatement of interest on the Langers' 1983 and 1984 tax deficiencies is not subject to judicial review, see Argabright v. United States, 35 F.3d 472, 476 (9th Cir. 1994); Selman v. United States, 941 F.2d 1060, 1062-64 (10th Cir. 1991); Horton Homes, Inc. v. United States, 936 F.2d 548, 554 (11th Cir. 1991).

We also reject the Langers' conclusory claim that the refusal to abate interest violates their due process and equal protection rights.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.