Lee ARGABRIGHT; Norma J. Argabright, Plaintiffs–Appellants,

v.

UNITED STATES of America, Defendant–Appellee.

No. 93–55419.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 1, 1994.

Decided Sept. 14, 1994.

Warren Nemiroff, Beverly Hills, CA, for plaintiffs-appellants.

Gary R. Allen, Doris D. Coles, Richard Farber, and William J. Patterson, U.S. Dept. of Justice, Tax Div., Washington, DC, for defendant-appellee.

Before: D.W. NELSON and NOONAN, Circuit Judges, and KING,* District Judge.

D.W. NELSON, Circuit Judge:

This is an action by taxpayers seeking abatement of interest and penalty interest on the ground that IRS personnel delayed in providing them with settlement documentation that the IRS had provided to similarly situated taxpayers. The district court dismissed the action under Fed.R.Civ.P. 12(b)(6)

* The Honorable Samuel P. King, United States District Judge for the District of Hawaii, sitting by designation.

for failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. We join our sister circuits in concluding that decisions to abate interest under Section 6404(e)(1) of the Internal Revenue Code are committed to agency discretion by law, precluding judicial review.

### FACTUAL AND PROCEDURAL BACKGROUND

In the late 1970s and early 1980s, a number of taxpayers, including the plaintiffs in the district court action below, invested in a tax shelter known as Wilpon and claimed certain deductions against their income. The Internal Revenue Service ("IRS" or "Commissioner") disallowed the deductions; asserted a deficiency in the income taxes of the investors, and assessed interest and penalties against them. The investors filed petitions in Tax Court seeking a redetermination of the deficiencies, interest, and penalties.

According to the allegations set forth in the amended complaint of the plaintiffs, the Commissioner approved a settlement package to resolve the claims of the Wilpon investors in February 1988. The settlement provided that (1) deductions of one-half of out-of-pocket expenses would be allowed; (2) negligence penalties would be eliminated; (3) penalties under § 6659 would be imposed at the rate of 15 percent, rather than 30 percent, of the understatement; and (4) penalty interest under § 6621(C) would be assessed in full. In separate proceedings in April 1988 and November 1988, this settlement was reduced to stipulation for a number of the Wilpon investors. Although the court in the November 1988 proceeding indicated that the IRS should extend the same settlement terms to all other Wilpon investors, the plaintiffs here, none of whom were participants in either of the 1988 court proceedings, allegedly did not receive settlement documentation until 1991. Although all of the plaintiffs eventually settled their Tax Court proceedings by agreeing to stipulated decisions, the terms of these decisions were less favorable than those received by Wilpon investors who stipulated to the settlement reached in February 1988. After paying the amounts due under their stipulated decisions with the Commissioner, the plaintiffs filed suit in federal district court.

In their original complaint, the plaintiffs asserted:

> Plaintiffs do not seek to gain a refund of all of taxes, penalties, penalty interest and interest. They simply seek, subject to proof, refund of *penalty interest* under § 6621 and *interest*, paid on all the taxes for the time period of May 1988 until receipt of proper settlement documentation. This is the period that governmental delay increased billings in issue.

The government filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6), arguing that the Commissioner had no duty to abate assessments of interest attributable to delay by IRS personnel performing ministerial duties. The court granted the government's motion, but granted the taxpayers 20 days in which to file an amended complaint.

In their amended complaint, the plaintiffs asserted that they were not offered the same settlement in the Tax Court as were other Wilpon investors, and, on this basis, requested a refund of amounts paid in excess of what they would have paid had they been parties to the February 1988 settlement. The amended complaint further specified that one group of plaintiffs never received the settlement documentation. These plaintiffs sought a refund of "the difference between concession and the settlement proposal they never saw." Another group of plaintiffs allegedly received the documentation only in 1991, and sought "a refund of penalty interest and interest between time the offer should have been proposed and tendered (1989–January) and time of offer tender (mid–1991)." The government filed a second motion to dismiss, arguing that the taxpayers failed to state a claim upon which relief could be granted because they did not allege that the IRS discriminated against them intentionally, or that the differing settlement terms were based on impermissible considerations or arbitrary classifications. The district court granted the second motion to dismiss with prejudice. This appeal followed.

## STANDARD OF REVIEW

"Dismissal of a complaint under Fed. R.Civ.P. 12(b)(6) is reviewed de novo," and "all allegations of material fact in the complaint are taken as true and are construed in the light most favorable to the nonmoving party." *Oscar v. University Students Co-op. Ass'n,* 965 F.2d 783, 785 (9th Cir.), *cert. denied,* — U.S. —, 113 S.Ct. 655, 121 L.Ed.2d 581 (1992). "[D]ismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Cervantes v. City of San Diego,* 5 F.3d 1273 (9th Cir.1993) (quoting *Hishon v. King & Spaulding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984)). "Review is limited to the contents of the complaint." *Moore v. City of Costa Mesa,* 886 F.2d 260, 262 (9th Cir.1989), *cert. denied,* 496 U.S. 906, 110 S.Ct. 2588, 110 L.Ed.2d 269 (1990).

## DISCUSSION

### I. *JURISDICTION OVER PARTIES NOT NAMED IN THE NOTICE OF APPEAL*

■ The government first claims that Lee and Norma J. Argabright are the only proper parties to this appeal as only the Argabrights are named in the Notice of Appeal. The government contends that this conclusion follows directly from *Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988).

In *Torres,* a notice of appeal from a judgment of dismissal listed the names of 15 out of 16 plaintiffs as parties, but, due to a clerical error, did not list the petitioner. The Supreme Court concluded that because the petitioner "was never named or otherwise designated," while all of the other plaintiffs specifically were named, the notice failed to give "fair notice" that the petitioner also was appealing the judgment. *Id.* at 317–18, 108 S.Ct. at 2409.

The facts here are comparable. Although the Argabrights are mentioned by name in the caption and in the body of the notice, none of the other plaintiffs below is designated in any manner at any place in the notice.

The inclusion of the other plaintiffs is not even implicitly indicated through the use of "et al." or of a generic term such as "plaintiffs." *Cf. National Center for Immigrants' Rights, Inc. v. INS,* 892 F.2d 814, 816 (9th Cir.1989) (holding that "*Torres* does not require that the individual names of the appealing parties be listed in instances in which a generic term, such as plaintiffs or defendants, adequately identifies them").

The appellants suggest that this court should distinguish *Torres* because the district court itself, in its order dismissing the complaint entered February 10, 1993, referred to the action as "Lee and Norma J. Argabright/Plaintiffs v. United States of America/Defendant." The logic that led the *Torres* Court to its concededly "harsh" result, *see id.* at 318, 108 S.Ct. at 2409, however, suggests that this is a distinction without a difference. As the government emphasizes, *Torres* makes clear that the failure to name certain parties when other parties are named is a jurisdictional defect, and, accordingly, it is irrelevant that the district court, which properly had jurisdiction over all parties (both the complaint and amended complaint properly listed all plaintiffs by name), previously had omitted the names in one of its orders. Whatever the district court may have done, the plaintiffs failed to provide "fair notice" that unnamed parties were participating in the appeal.

Because the Notice of Appeal specifically lists certain parties and omits others, and because the Notice contains no generic term which otherwise adequately identifies the unnamed parties, we lack jurisdiction over the unnamed parties. Accordingly, we conclude that jurisdiction is proper only with respect to Lee and Norma J. Argabright.

### II. *JUDICIAL REVIEW OF IRS DECISIONS UNDER § 6404(e)(1)*

■ The government contends that, because Section 6404(e)(1) of the Internal Revenue Code, 26 U.S.C. § 6404(e)(1) (1983), gives the Commissioner complete discretion to determine whether or not to abate interest in situations in which all or part of the interest owed by the taxpayer is due to delay

caused by IRS personnel, the appellants' abatement claim is not reviewable. We agree.

Section 6404(e)(1) of the Internal Revenue Code provides:

(e) *Assessments of interest attributable to errors and delays by Internal Revenue Service.*—

(1) *In General.*—In the case of any assessment of interest on—

(A) any deficiency attributable in whole or in part to any error or delay by an officer or employee of the Internal Revenue Service (acting in his official capacity) in performing a ministerial act, or

(B) any payment of any tax described in Section 6212(a) to the extent that any error or delay in such payment is attributable to such officer or employee being erroneous or dilatory in performing a ministerial act,

the secretary *may* abate the assessment of all or any part of such interest for any period. For purposes of the preceding sentence, an error or delay shall be taken into account only if no significant aspect of such error or delay can be attributed to the taxpayer involved, and after the Internal Revenue Service has contacted the taxpayer in writing with respect to such deficiency or payment.

26 U.S.C. § 6404(e)(1) (emphasis added).

The only two circuits to have addressed the availability of judicial review of IRS decisions under this provision have concluded that § 701 of the Administrative Procedure Act ("APA" or "the Act") precludes review. Although the APA provides generally for judicial review of agency actions, § 701(a) of the Act bars a court from exercising its jurisdiction in two circumstances. Section 701(a) provides:

This chapter applies, according to the provisions thereof, except to the extent that—

(1) statutes preclude judicial review; or

(2) agency action is committed to agency discretion by law.

5 U.S.C. § 701(a) (1983).

In *Selman v. United States,* 941 F.2d 1060 (10th Cir.1991), the Tenth Circuit ruled that § 701(a)(2) precludes judicial review of IRS decisions to abate interest payments under 26 U.S.C. § 6404(e)(1). The *Selman* court reasoned that the language, structure, and legislative history of the provision demonstrate Congress's intent to commit the abatement of interest to the agency's discretion. The court first noted that although the statutory language does not expressly preclude judicial review, it provides " 'no meaningful standard against which to judge the agency's exercise of discretion.' " *Id.* at 1063 (quoting *Heckler v. Chaney,* 470 U.S. 821, 828, 105 S.Ct. 1649, 1654, 84 L.Ed.2d 714 (1985)). As the court explained: "Although the statute authorizes the Secretary to abate interest attributable to certain IRS errors or delays, it neither indicates that such authority should be used universally nor provides any basis for distinguishing between the instances in which abatement should and should not be granted." *Id.*

The *Selman* court then turned to the legislative history, reasoning that although Congress indicated that interest should be abated under § 6404(e)(1) where "failure to [do so] would be widely perceived as grossly unfair," *id.* (quoting H.R.Rep. No. 426, 99th Cong., 1st Sess., pt. 17, at 844 (1986); S.Rep. No. 313, 99th Cong., 2d Sess. 208 (1986)), this statement is too "amorphous" to provide substantive standards for review of agency action, *id.* Finally, the court stated that because § 6404(e)(1) provides only that the agency "*may* abate" increases in interest assessment due to delays caused by IRS personnel, whereas a closely related provision, § 6404(e)(2), dealing with erroneous refunds, provides that "[t]he Secretary *shall* abate the assessment of interest," Congress demonstrated its intent to make § 6404(e)(1) abatements discretionary rather than mandatory. *Id.* As the *Selman* court concluded, the "statute clearly speaks in permissive, not mandatory language." *Id.* at 1064. On this basis, the court determined that abatements under § 6404(e)(1) were committed to agency discretion by law, thus precluding judicial review under 5 U.S.C. § 701(a)(2).

In *Horton Homes, Inc. v. United States,* 936 F.2d 548, 554 (11th Cir.1991), the Elev-

enth Circuit reached the same conclusion.[1] Relying on similar considerations as well as additional legislative history stating that the proposed provision " 'gives the IRS the authority to abate interest but does not mandate that it do so,' " *id.* at 551 (quoting Report of the Committee on Ways and Means of the House of Representatives on H.R. Rep. 3838, 99th Cong., 1st Sess. 844 (1985)), the *Horton Homes* court concluded that judicial review is precluded by § 701(a)(2), *id.* at 554.[2]

We find the analyses of the *Horton Homes* and *Selman* courts fully persuasive. Although the § 701(a)(2) exception is triggered only "in those rare instances where 'statutes are drawn in such broad terms that in a given case there is no law to apply,' " *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 410, 91 S.Ct. 814, 821, 28 L.Ed.2d 136 (1971) (quoting S.Rep. No. 752, 79th Cong., 1st Sess., 26 (1945)), this is such an instance. Like the *Horton Homes* and *Selman* courts, we conclude that § 6404(e)(1) leaves courts without "any basis for distinguishing between the instances in which abatement should and should not be granted." *Selman*, 941 F.2d at 1063. Lacking "judicially manageable standards ... for judging how and when [the] agency should exercise its discretion," *Heckler*, 470 U.S. at 830, 105 S.Ct. at 1655, we hold that judicial review is not available for agency action taken pursuant to 26 U.S.C. § 6404(e)(1).

### III. *CONSTITUTIONAL CLAIMS*

■ The appellants contend on appeal that the failure of the IRS to offer the same settlement to all taxpayers who invested in Wilpon was "discriminatory," and seem to suggest that this court should interpret the factual allegations in their amended complaint as implicitly raising an equal protection or due process challenge under the Fifth Amendment. Although pleadings should be interpreted liberally for Rule 12(b)(6) purposes, *see, e.g. Simon Oil Co. v. Norman*, 789 F.2d 780, 782 (9th Cir.1986), we conclude that the amended complaint cannot be construed to state a constitutional claim.

■ As an initial matter, we note that if the amended complaint had alleged a constitutional violation, we would have authority to review the challenge notwithstanding the fact that judicial review is otherwise barred by 5 U.S.C. § 701(a)(2). *See Horton Homes*, 936 F.2d at 554 (agreeing with government counsel's implication at oral argument that "if the IRS exercised its discretion under § 6404(e)(1) so as to deny relief on the basis of racial, religious or sex discrimination, such misuse of discretion would be reviewable"). As the Supreme Court put the matter in *Webster v. Doe*, 486 U.S. 592, 603, 108 S.Ct. 2047, 2053, 100 L.Ed.2d 632 (1988), "where Congress intends to preclude judicial review of constitutional claims its intent to do so must be clear." The *Webster* Court explained, "[w]e require this heightened showing in part to avoid the 'serious constitutional question' that would arise if a federal statute were construed to deny any judicial forum for a colorable constitutional claim." *Id.* (internal citation omitted). Neither party argues on appeal that Congress meant to preclude review of constitutional claims in the abatement context, and nothing in 26 U.S.C. § 6404(e)(1) or related provisions suggests that review of constitutional claims is precluded.

The appellants' claim fails, however, because nothing in the amended complaint even remotely suggests that the plaintiffs were challenging the actions of the IRS on constitutional grounds. On the contrary, the complaint asserts exclusively statutory rights, and makes no reference to the Constitution. *See Conley v. Gibson*, 355 U.S. 41, 47, 78

---

1. *See also Bax v. C.I.R.*, 13 F.3d 54, 58 (2d Cir.1993) ("[W]e note substantial authority for the view that interest abatement under Section 6404(e)(1) is a discretionary form of relief within the sole authority of the Commissioner and is thereby beyond the scope of judicial review.").

2. *Horton Homes* also concluded that judicial review of agency decisions under § 6404(e)(1) is precluded by 5 U.S.C. § 701(a)(1) of the APA. In light of our holding that judicial review is precluded by 5 U.S.C. § 701(a)(2), we do not address the applicability of § 701(a)(1). *Cf. Selman*, 941 F.2d at 1063 (noting that the language of § 6404(e)(1) does not expressly preclude review, and that there is no indication that any other statutory provision precludes review of abatements under § 6404(e)(1)).

S.Ct. 99, 103, 2 L.Ed.2d 80 (1957) (noting that plaintiffs must provide "fair notice of what [their] claim is and the grounds upon which it rests"). In addition, the complaint makes no allegation that the IRS intentionally discriminated against them or acted on the basis of an improper or arbitrary classification, a necessary predicate of an equal protection or due process claim. *Cf., Oyler v. Boles*, 368 U.S. 448, 457, 82 S.Ct. 501, 506, 7 L.Ed.2d 446 (1962) (noting that "the exercise of some selectivity in enforcement is not in itself a federal constitutional violation" and holding that where petitioner did not state that "the selection was deliberately based upon an unjustifiable standard such as race, religion or other arbitrary classification[,] ... grounds supporting a finding of a denial of equal protection were not alleged").

Accordingly, we conclude that, even when the allegations in the amended complaint are construed broadly, and interpreted in the light most favorable to the appellants, the amended complaint does not state a constitutional claim.

## CONCLUSION

For the reasons stated above, we affirm the district court's 12(b)(6) dismissal of the Argabrights' claim. Like the other circuits that have addressed the issue, we hold that decisions to abate interest under Section 6404(e)(1) of the Internal Revenue Code are committed to agency discretion by law, precluding us from exercising our jurisdiction to hear challenges to such decisions.

**AFFIRMED.**