45 F.3d 435
 75 A.F.T.R.2d 95-554
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles BOWMAN; Lorita Bowman, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-55047.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 8, 1994.
Decided Dec. 20, 1994.
 
 Before: FLETCHER, THOMPSON and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Charles and Lorita Bowman (the Bowmans) appeal the district court's Rule 12(b)(6) dismissal of their complaint with prejudice. We affirm.
 
 FACTS
 
 3
 On their 1982 tax return, the Bowmans claimed depreciation and investment tax credits arising out of their investment in a tax shelter created and marketed by FoodSource, Inc. The disallowance of these credits and depreciation by the Internal Revenue Service (IRS) resulted in the Bowmans incurring a tax deficiency and various penalties. The Bowmans, along with similarly-situated FoodSource investors, petitioned the tax court to redetermine the deficiency and penalties levied against them.
 
 
 4
 In March 1988, the IRS and the investors settled the tax court proceeding. As part of the settlement, the investors conceded they were entitled to claim only their out-of-pocket expenses associated with the FoodSource investment. In addition, the parties stipulated that the question whether the IRS could impose penalties on the investors for overvaluation would be resolved by the outcome of Todd v. Commissioner, a related proceeding.[1] The Fifth Circuit decision in Todd, which held in favor of the investors, became final on June 14, 1989. The IRS distributed stipulated decisions to the Bowmans and the other investors beginning August 1989 and ending January 1990.
 
 
 5
 After paying the taxes and penalties indicated in the respective stipulated decisions, plus interest, the Bowmans and the other investors sought, under 26 U.S.C. Sec. 6404(e)(1), abatement of interest accrued between the settlement date in March 1988 and the dates on which they received their respective stipulated decisions. After the IRS denied abatement, the investors, including the Bowmans, sued in district court.
 
 
 6
 In their complaint, the plaintiffs alleged they settled with the IRS in March 1988 with "the understanding the penalty issues (Sec. 6659 or Sec. 6621 penalty interest) would be decided by a final determination on Todd." They alleged that the IRS, "rather than following the understanding reached in March 1988, ... decided to forego the dissemination of decision documents until Todd was finalized in July of 1989. The reason was the fact that the [IRS], acting in bad faith, hoped that taxpayers would settle at a more injurious rate, and/or that the interest would make up for the differential in the settlement, i.e., the potential advantage reached through Todd." (emphasis in original).
 
 
 7
 Without the decision documents, the plaintiffs alleged, "it was literally impossible for [them] to determine the amount they owed." Thus, according to the plaintiffs, they "ended up paying more than two years of additional penalty interest and interest because of the IRS's recalcitrance. It is this penalty interest and interest that is the prime subject of this lawsuit."
 
 
 8
 The government moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss the plaintiffs' complaint for failure to state a claim upon which relief can be granted. The government argued that the IRS's decision whether to abate interest was wholly discretionary, and thus not subject to judicial review. The district court granted the motion and dismissed the complaint with prejudice. This appeal followed.
 
 DISCUSSION
 A. Standard of Review
 
 9
 We review the trial court's Rule 12(b)(6) dismissal of the Bowman's complaint de novo. Everest and Jennings v. American Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir.1994). Review is limited to the contents of the complaint. Buckey v. Los Angeles, 968 F.2d 791, 794 (9th Cir.), cert. denied, --- U.S. ----, 113 S.Ct. 599 (1992). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Everest and Jennings, 23 F.3d at 229; Buckey, 968 F.2d at 794. A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. Everest and Jennings, supra; Buckey, supra.
 
 
 10
 B. Jurisdiction Over Parties Not Named in Notice of Appeal
 
 
 11
 As the government correctly points out, the only proper parties to this appeal are Charles and Lorita Bowman. In the notice of appeal, only Charles and Lorita Bowman are listed in the caption and the body of the notice.[2] See Torres v. Oakland Scavenger Co., 487 U.S. 312 (1988). Furthermore, "[t]he inclusion of the other plaintiffs is not even implicitly indicated through the use of 'et al.' or of a generic term such as 'plaintiffs.' " Argabright v. United States, 35 F.3d 472, 474 (9th Cir.1994) (citing National Center for Immigrants' Rights, Inc. v. INS, 892 F.2d 814, 816 (9th Cir.1989)). We have "no authority to amend the notice of appeal so as to bring in additional parties," even if the government would suffer no prejudice from such amendment. Farley Transp. Co. v. Santa Fe Trail Transp. Co., 778 F.2d 1365, 1367-68 (9th Cir.1985).
 
 
 12
 C. Judicial Review of IRS Decisions Under Sec. 6404(e)(1)
 
 
 13
 26 U.S.C. Sec. 6404(e)(1) authorizes the IRS, in its discretion, to abate interest when the tax deficiency is caused by an error or delay by an IRS employee in performing a ministerial act.[3]
 
 
 14
 As we have recently held, the decision by the IRS whether to grant an abatement is generally not subject to judicial review.[4] See Argabright, 35 F.3d at 474; accord Selman v. United States, 941 F.2d 1060 (10th Cir.1991); Horton Homes, Inc. v. United States, 936 F.2d 548 (11th Cir.1991). However, when a plaintiff alleges the IRS violated the Constitution in exercising its discretion under Sec. 6404(e)(1), judicial review is available. Argabright, 35 F.3d at 476; see also Horton Homes, 936 F.2d at 554 (noting, in dictum, the availability of judicial review of equal protection claims).
 
 
 15
 The Bowmans' complaint does not "even remotely suggest [ ] that [they are] challenging the actions of the IRS on constitutional grounds." Argabright, 35 F.3d 476. The complaint merely "asserts exclusively statutory rights, and makes no reference to the Constitution." Id. Even under the liberal pleading standards applied in the Rule 12(b)(6) context, the complaint fails to state a constitutional claim, and thus fails to qualify for the Argabright exception.
 
 
 16
 The Bowmans acknowledge their complaint contains all of the allegations on which they base their claim. Their contention is, and has been, that these allegations are sufficient to entitle them to relief. In this circumstance, it would have been futile for the district court to have granted leave to amend the complaint. The Bowmans could not allege a constitutional claim. Accordingly, Argabright controls the result in this case. The district court did not err in dismissing the Bowmans' complaint with prejudice and without leave to amend.
 
 
 17
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 In Todd, the tax court held, and the Fifth Circuit affirmed, that the IRS was not entitled to levy additional penalties for tax underpayments attributable to valuation overstatements. See Todd v. Commissioner, 89 T.C. 912 (1987), aff'd, 862 F.2d 540 (5th Cir.1988)
 
 
 [2]
 The notice of appeal to this court, filed on December 18, 1992, was captioned "CHARLES AND LORITA BOWMAN Plaintiff vs. UNITED STATES OF AMERICA Defendant", and stated that "[n]otice is hereby given that CHARLES AND LORITA BOWMAN hereby appeal to the United States Court of Appeals for the Ninth Circuit."
 
 
 [3]
 Section 6404(e)(1) of the Internal Revenue Code, provides:
 (e) Assessments of interest attributable to errors and delays by Internal Revenue Service.--
 (1) In general.--In the case of any assessment of interest on--
 (A) any deficiency attributable in whole or in part to any error or delay by an officer or employee of the Internal Revenue Service (acting in his official capacity) in performing a ministerial act, or
 (B) any payment of any tax described in section 6212(a) to the extent that any error or delay in such payment is attributable to such officer or employee being erroneous or dilatory in performing a ministerial act,
 the Secretary may abate the assessment of all or any part of such interest for any period. For purposes of the preceding sentence, an error or delay shall be taken into account only if no significant aspect of such error or delay can be attributed to the taxpayer involved, and after the Internal Revenue Service has contacted the taxpayer in writing with respect to such deficiency or payment.
 
 
 [4]
 The Bowmans suggest the Temporary Regulations issued under Sec. 6404 and an IRS document entitled "Explanation of Interest Abatement" establish a judicially manageable standard for review of IRS discretion under Sec. 6404(e). Neither the Temporary Regulations nor the Explanation defines "delay" for purposes of the statute, and they thus fail to provide a judicially manageable standard for review. See Horton Homes, 936 F.2d 548, 551 (11th Cir.1991) (noting "that the IRS regulations which have been issued to date with regard to section 6404(e)(1) do not indicate what constitutes a 'reasonable time' for the performance of a ministerial act")
 As the Horton Homes court stated:
 If the Congress wants the federal courts to review whether the IRS abused its discretion under section 6404(e)(1) by not granting relief to a taxpayer because of delay by the IRS, then either the Congress must appropriately define what constitutes such a delay, or the Congress must require the Secretary by regulation to do so, or the Secretary, pursuant to his general authority under 26 U.S.C. Sec. 7805, must do so.
 Horton Homes, 936 F.2d at 554.