**Jeffrey R. TAYLOR, Esq., Petitioner— Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent— Appellee.**

**Jeffrey R. Taylor, Esq., Plaintiff– Appellant,**

v.

**United States Internal Revenue Service, Defendant–Appellee.**

Nos. 99–71516, 00–35684.

Tax Ct. No. 15544–98.

D.C. No. CV–99–01274–ST.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 10, 2001.

Decided May 24, 2001.

---

3.  *See* p. 699 n. 2 *supra.*

Before GOODWIN, GREENBERG *
and RAWLINSON, Circuit Judges.

* The Honorable Morton I. Greenberg, Senior Judge of the United States Court of Appeals for the Third Circuit, sitting by designation.

## MEMORANDUM **

Jeffrey R. Taylor ("Taylor") appeals the Tax Court's decision holding that Taylor is not entitled to an abatement of interest due on his federal income tax deficiencies for tax years 1986 and 1987. Taylor contends that the refusal by the Commissioner of the Internal Revenue Service ("Commissioner") to continue the civil investigation into his tax evasion was a ministerial act which unfairly delayed the assessment of his tax liability. Taylor relies on 26 U.S.C. § 6404(e)(1) which authorizes the Commissioner to abate a taxpayer's interest due to unreasonable errors or delays by Internal Revenue Service ("IRS") personnel. The Tax Court concluded that § 6404(e)(1)(A) was not applicable in this case, where the civil aspects of the audit were suspended during the pendency of a criminal investigation and proceedings against Taylor.

On July 6, 1987, the IRS Examination Division began an examination of Taylor's tax returns for years 1984 through 1988. The case was then referred to the Criminal Investigation Division ("CID") of the IRS, and the investigation into Taylor's civil liabilities was suspended on October 13, 1998. A grand jury indictment was returned, charging that Taylor had willfully attempted to evade income taxes due in 1986 and 1987 and Taylor entered a guilty plea to the indictment pertaining to taxes due in 1987. Taylor was sentenced to 3 years probation and did not appeal his sentence.

On March 1, 1994, after Taylor's conviction, the Examination Division resumed its investigation into Taylor's civil tax liabilities. Subsequently, Taylor and the IRS agreed to a settlement of tax deficiencies,

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

which was reflected in a stipulated decision, entered April 18, 1997. Taylor filed a petition requesting abatement of the interest accrued during the period between the commencement of the criminal investigation and resumption of the civil investigation. The Tax Court rejected Taylor's argument and held that the decision to defer the civil proceedings, pending resolution of the criminal aspects, was not a ministerial act, pursuant to § 6404(e)(1)(A).

■ We have construed § 6404(e)(1) as giving the Commissioner complete discretion to determine whether or not to abate interest, when delays caused by IRS personnel result in interest owed by the taxpayer. *See Argabright v. United States,* 35 F.3d 472, 474–75 (9th Cir.1994). Furthermore, we held that abatement decisions in such situations are not subject to judicial review. *Id.* at 476. Pursuant to *Argabright,* the Commissioner's refusal to abate Taylor's interest is not reviewable.

Taylor also appeals the district court's summary judgment dismissal of his 26 U.S.C. § 7422 action seeking a refund of 1986 and 1987 federal income taxes. Taylor alleges that the IRS improperly denied him a carryback of a 1988 net operating loss ("NOL") that would have reduced his taxes owed for 1986 and 1987. The district court concluded that although it had jurisdiction over Taylor's claims, the claims were barred by the res judicata effect of prior tax proceedings, which determined his 1986 and 1987 liabilities, and the earlier district court proceedings, including Taylor's 1993 guilty plea to tax evasion.

We review the district court's grant of summary judgment de novo. *See Weiner v. San Diego County,* 210 F.3d 1025, 1028 (9th Cir.2000). The existence of subject matter jurisdiction is also reviewed de novo. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co. ., Inc.,* 240 F.3d 832, 836 (9th Cir.2001). The trial court's

determination that res judicata (claim preclusion) applies is reviewed de novo as well. *See Gregory v. Widnall,* 153 F.3d 1071, 1074 (9th Cir.1998).

■ The district court erred in finding that it had subject matter jurisdiction over Taylor's claim, because Taylor failed to prove that he had paid his taxes in full, a prerequisite to a refund action against the IRS. Internal Revenue Code section 7422 grants a waiver of sovereign immunity by the United States to permit jurisdiction in district courts, under 28 U.S.C. § 1346(a)(1). *See* 26 U.S.C. § 7422(a). However, "there is no jurisdiction in the district courts over suits for the refund of penalty amounts paid until the taxpayer has paid the *full amount* of the contested penalty assessment ...." *Thomas v. United States,* 755 F.2d 728, 729 (9th Cir.1985); *see also Flora v. United States,* 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958), *aff'd on reh'g,* 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960) (construing 28 U.S.C. § 1346(a)(1) as requiring a taxpayer to fully pay the tax assessed for a given year before bringing a civil action in the district court for a refund and establishing the *Flora* "full payment" rule).

Taylor failed to allege that he paid his tax assessments in full. Taylor was required to pay the full amount of taxes assessed and then file suit for a refund in federal court. *See DeWelles v. United States,* 378 F.2d 37, 38 (9th Cir.1967). Therefore, Taylor's claim against the IRS for a refund under § 7422(a) is barred by the doctrine of sovereign immunity. The district court improperly assumed that Taylor had fully paid his tax assessments and should have dismissed his claim for lack of subject matter jurisdiction.

Assuming subject matter jurisdiction in the district court was proper, the court correctly held that Taylor's claims were barred by res judicata. The district court

held that because Taylor settled his income tax liability with the IRS for the years 1984 through 1988, the Tax Court decision is a judgment on the merits, precluding Taylor's subsequent claims that he is entitled to a refund for 1986 and 1987. "In the tax context, once a taxpayer's liability for a particular year is litigated, 'a judgment on the merits is res judicata as to any subsequent proceeding involving the same claim and the same tax year.'" *Baker v. IRS,* 74 F.3d 906, 910 (9th Cir. 1996), *quoting Commissioner v. Sunnen,* 333 U.S. 591, 598, 68 S.Ct. 715, 92 L.Ed. 898 (1948).

The Tax Court's stipulated decision concluded that Taylor had tax deficiencies for 1986 and 1987. Taylor had the opportunity to raise the 1988 NOL claim during his settlement with the IRS, and before the final stipulated judgment was entered. He may not now raise these claims and readjudicate his tax liability for these years. The district court correctly barred Taylor's claims under the res judicata doctrine.

The decisions of the Tax Court and the District Court are AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.