**Raymond W. BEALL and Hazel A. Beall, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 6:00–CV–187.**

United States District Court, E.D. Texas, Tyler Division.

July 20, 2001.

Thomas E. Redding, Teresa J. Womack, Redding & Associates PC, Houston, TX, for plaintiffs.

Michael D Powell, Department of Justice Tax Division, Dallas, TX, for defendant.

## ORDER GRANTING THE UNITED STATES' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

HANNAH, District Judge.

Before the Court are the United States' Motion to Dismiss or for Summary Judgment and Brief (Doc. # 25) and Plaintiffs' Response to United States' Motion to Dismiss or For Summary Judgment (Doc. # 28). Based upon the parties' filings and the applicable law, the Court rules as follows.

## I. BACKGROUND

On February 21, 2001, this Court entered its Order of Partial Dismissal for Lack of Subject Matter Jurisdiction. The Order dismissed the portion of the Bealls' complaint that related to their claims for refund (Forms 1040X and 843) filed December 22, 1997. However, the Order also provided that the portion of the Bealls' complaint that related to their supplemental claims for refund (Forms 1040X and 843) filed April 26, 1999, would remain before the Court.

The United States now moves to dismiss the supplemental refund claims that remain before the Court for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). The supplemental refund claims encompass two matters: (1) a claim for interest abatement under 26 U.S.C. § 6404 and (2) a claim for a net rate of interest under 26 U.S.C. § 6621(d).

## II. APPLICABLE LEGAL STANDARD

■ When a defendant challenges subject matter jurisdiction, the plaintiff bears the burden of establishing jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Plaintiff must carry this burden by a preponderance of the evidence. *Makarova v. United States*, 201 F.3d 110, 113 (2nd Cir.2000).

## III. ANALYSIS

### A. 26 U.S.C. § 6404(e) Claim

In their complaint, the Bealls seek abatement of interest pursuant to 26 U.S.C. § 6404(e)(1). The United States contends that federal courts do not have subject matter jurisdiction to hear interest abatement requests under § 6404, and, therefore, this claim should be dismissed. The Court agrees.

■ Prior to 1996, the case law from the Ninth, Tenth, and Eleventh Circuit Courts of Appeals clearly stated that IRS abatement decisions under 6404(e)(1) were unreviewable in federal district court. *See Argabright v. United States*, 35 F.3d 472, 475 (9th Cir.1994); *Selman v. United States*, 941 F.2d 1060, 1061–1064 (10th Cir.1991); *Horton Homes, Inc. v. United States*, 936 F.2d 548, 550–54 (11th Cir.1991). The so-called *Argabright* line of cases determined that the Administrative Procedure Act ("APA") precluded judicial review of IRS abatement decisions under 6404(e).[1]

In 1996, Congress passed the Taxpayer Bill of Rights 2 (the "Act"). The Act modified 6404(e)(1) by providing that the

---

1. In making this determination, the *Argabright* line of cases invoked 701(a)(2) of the APA. In essence, these courts found that 6404(e)(1) did not provide a basis for distinguishing between instances in which abatement should and should not be granted. Since there was no meaningful standard against which to judge the IRS's exercise of discretion in determining whether to abate interest, the courts reasoned that the 701(a)(2) exception barring the federal courts from exercising jurisdiction was applicable.

IRS could abate the "assessment of interest on any deficiency attributable in whole or in part to any unreasonable error or delay by an officer or employee of the IRS in performing a ministerial or managerial act." *See* 26 U.S.C. § 6404(e)(1). Prior to the Act, 6404(e)(1) had stated that the IRS could abatement the interest assessment on any deficiency "attributable in whole or in part to any error or delay by an officer or employee of the IRS in performing a ministerial act." The Act also specifically granted jurisdiction to the Tax Court to review for abuse of discretion IRS decisions not to abate interest under 6404(e)(1). 26 U.S.C. § 6404(i).

The Bealls argue that the 1996 changes to 6404(e)(1), the enactment of 6404(i), and the legislative history involving the 1996 Act demonstrate that Congress intended the federal district courts to exercise jurisdiction over 6404 interest abatement claims. Moreover, the Bealls claim that the *Argabright* line of cases' rationale for precluding the assertion of jurisdiction by the federal courts has been undermined by the 1996 Act and the accompanying legislative history.

The United States contends that the 1996 changes to 6404 do not overturn the settled law that IRS decisions not to abate interest assessments under Section 6404 are not reviewable by the federal district courts. While the United States admits that 6404(i) does provide for judicial review of a denial of a request for interest abatement, it argues that 6404(i) places exclusive jurisdiction for such review with the Tax Court. The United States disagrees with the assertion that Congress intended for the federal district courts to have jurisdiction over 6404(e) interest abatement claims.

The Court finds that the legislative history accompanying the Taxpayer Bill Rights 2 does not indicate that Congress intended for the federal courts to have jurisdiction to review the IRS' failure to abate interest under 6404(e)(1). Indeed, the House Report accompanying the Taxpayer Bill of Rights 2 specifically recognized that "[f]ederal courts generally do not have jurisdiction to review the IRS's failure to abate interest." H.R.Rep. No. 104–506 at 28 (1996). In explaining the new provision regarding interest abatement, the House Report fails to indicate any Congressional intent to change this conclusion.

It is true that the House Report states that, "[n]o inference is intended as to whether under present law any court has jurisdiction to review IRS's failure to abate interest." *Id.* However, Congress' failure to indicate whether or not it disagreed with the federal appellate courts' prior rulings concerning the federal district courts' ability to review 6404(e) interest abatements is not sufficient to prove Congressional intent for the federal district courts to review 6404(e) decisions. In fact, the best evidence of Congressional intent on this particular question, the plain language of 6404(i), leads to the contrary conclusion that Congress did not intend for the federal district courts to assertion jurisdiction over 6404(e) claims.

The plain language of 6404(i) evidences that Congress intended to address the lack of judicial review of IRS decisions not to abate interest by vesting exclusive jurisdiction to undertake such review in the hands of the Tax Court. Section 6404(i) states that:

> The Tax Court shall have jurisdiction over any action brought by a taxpayer who meets the requirements referred to in section 7430(c)(4)(A)(ii) to determine whether the Secretary's failure to abate interest under this section was an abuse of discretion, and may order an abatement, if such action is brought within

the 180 days after the date of the mailing of the Secretary's final determination not to abate such interest.

The House Report demonstrates Congressional knowledge that the federal district courts had been precluded from asserting jurisdiction over 6404(e)(1) claims. Armed with this knowledge, Congress would certainly have specifically provided for federal court jurisdiction in 6404(i) if it intended the federal courts, not simply the Tax Court, to review interest abatement claims. However, the plain wording of 6404(i) does not contain any such language. Instead, the plain wording of 6404(i) vests jurisdiction to review interest abatement decisions solely in the Tax Court.

In sum, in light of the preexisting law in this area, 6404(i)'s sole reference to the "Tax Court" leads to the inevitable conclusion that Congress expected that the federal district courts would continue to follow the *Argabright* line of cases, and, therefore, would not undertake judicial review of IRS interest abatement decisions. *See Davies v. United States*, 124 F.Supp.2d 717, 721 (D.Me.2000) ("Section 6404(i) on its face vests jurisdiction only in the Tax Court to review abatement decisions—a logical implication of which is that no other court possesses jurisdiction to undertake such a review. Both contemporaneous and subsequent legislative history corroborate that Congress, in enacting section 6404(i), was well aware of, and intended to leave undisturbed, the *Argabright* line of cases—i.e., that it expected that federal district courts would not undertake such review"); *Henderson v. United States*, 95 F.Supp.2d 995, 1004 (E.D.Wis. 2000) (denying jurisdiction over plaintiffs' request for interest abatement under 6404(e) because section 6404(i) grants jurisdiction specifically to the Tax Court).

## B. 6621(d) Interest Netting Claim

■ The Bealls' response to Defendant's motion to dismiss the 6221(d) interest netting claim states that they concede there may no longer be a factual basis upon which to base this claim. Moreover, the Bealls' prayer for relief does not request that the United States' Motion to Dismiss the 6221(d) claim be denied. Although the Bealls state that they disagree with the legal arguments and analysis supporting the United States' motion to dismiss with respect to the interest netting issue, the Bealls fail to adequately explain why the interest netting claim should not be dismissed. Accordingly, the Court will GRANT the United States' Motion to Dismiss the 6221(d) claim as well.

## IV. CONCLUSION

For the preceding reasons, the United States' Motion to Dismiss is GRANTED in all respects. It is hereby ORDERED that the remaining supplemental claims for refund under Section 6404 and 6621(d) are DISMISSED for lack of subject matter jurisdiction. Since these are the only remaining claims in this case, it is ORDERED that this entire case is dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.