Eric COOPER, Plaintiff—Appellant,

v.

COUNTY OF LOS ANGELES; Gil Garcetti, District Attorney, Defendants—Appellees.

No. 00–55830.
D.C. No. CV–99–08216–RSWL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 18, 2001.

Decided Jan. 10, 2002.

D.W. Nelson, Circuit Judge, filed dissenting opinion.

Before B. FLETCHER, D.W. NELSON, and MCKEOWN, Circuit Judges.

### MEMORANDUM *

Plaintiff-appellant Eric Cooper appeals the district court's dismissal of his 42 U.S.C. § 1983 and state law claims against the County of Los Angeles ("County"), and Gil Garcetti, the District Attorney for the County. The district court determined that Cooper's amended complaint failed to state a claim and dismissed it pursuant to Federal Rule of Civil Procedure 12(b)(6). We affirm.

■ Initially, we hold that the district court did not abuse its discretion in taking judicial notice of the underlying paternity proceedings, pursuant to the prosecutor's request. These were public records relevant to the county's affirmative defenses.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts

*See Lee v. City of Los Angeles,* 250 F.3d 668, 689 (9th Cir.2001).

■ Although Cooper names the District Attorney individually, he fails to allege individual misconduct. Vicarious liability is not available under § 1983 against the District Attorney as a supervisor. *Hansen v. Black,* 885 F.2d 642, 645–46 (9th Cir.1989). We therefore consider the claims against both defendants under the framework of *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

■ This action is based on a single incident of revocation of Cooper's licenses. Cooper has not alleged anything that suggests a link to any policy to deprive persons of licenses or failure to have a policy to train and supervise employees with respect to such licenses. The "absence of policy" allegations are legal conclusions at best and cannot sustain a § 1983 claim. Even under the generous standard applicable to § 1983 cases, this complaint does not meet the "bare minimum" pleading requirements.

Because we conclude that the complaint did not sufficiently allege any federal cause of action, we do not reach the County's immunity claims.

The district court also properly dismissed the state law claims because California grants broad immunity for public entities and public employees against this kind of suit. *See* Cal. Gov't Code § 821.6, 815.2(b); *Kayfetz v. State,* 156 Cal.App.3d 491, 497, 203 Cal.Rptr. 33 (1984) (discussing cases).

AFFIRMED.

D.W. NELSON, Circuit Judge, dissenting.

of this circuit except as may be provided by Ninth Circuit Rule 36–3.

D.W. NELSON, Circuit Judge.

The majority disposes of Cooper's appeal of the 12(b)(6) dismissal of his *Monell* claim in one sentence: "Cooper has not alleged anything that suggests a link to any policy to deprive persons of licenses or failure to have a policy to train and supervise employees with respect to such licenses." *Ante* at 699. Not only is this assertion inaccurate, it is also the core of an opinion that does not apply Ninth Circuit precedent, federal rules regarding notice pleading, and hornbook law surrounding motions to dismiss. I am therefore unable to join the Court's opinion and must respectfully dissent.

This Circuit has adopted possibly the most permissive standard possible for determining when a complaint adequately sets forth a *Monell* claim:

In this circuit, a claim of municipal liability under section 1983 is sufficient to withstand a motion to dismiss 'even if the claim is based on *nothing more than a bare allegation* that the individual officers' conduct conformed to official policy, custom, or practice.' *Karim–Panahi v. Los Angeles Police Dep't.,* 839 F.2d 621, 624 (9th Cir.1988) (citation omitted) (emphasis added).

It simply cannot be said that Cooper's complaint fails to make these bare allegations.

Cooper's Complaint, on numerous occasions, does more than enough to satisfy the notice pleading requirements for *Monell* claims in this Circuit. In paragraph 18 of the Complaint, Cooper states that "prior to

the wrongful conduct defendants developed and maintained *policies or customs* exhibiting deliberate indifference to the constitutional rights or [*sic*] persons in Los Angeles County...." (Complaint ¶ 18) (emphasis added). And in contrast to what the majority states, *compare ante* at 700, the Complaint does specifically allege that the County has failed to train its employees and properly investigate complaints of misconduct:

It was the policy and/or custom of the aforesaid defendants to inadequately and improperly investigate and respond and remedy the complaints of person who have their tax refund intercepted...." ) (Complaint ¶ 19)

It was the policy and/or custom of the aforesaid defendants to inadequately supervise and train its employees, thereby failing to adequately discourage further constitutional violations....") (Complaint ¶ 20).[1]

After reading these excerpted portions of the complaint, I fail to understand how the majority could conclude that they did not rise to the level of bare allegations of "conduct [that] conformed to official policy, custom, or practice." *Karim–Panahi,* 839 F.2d at 624.[2] Such a conclusion is not only inconsistent with a fair reading of *Karim–Panahi,* it is also inconsistent with the general policy of the federal rules to only require notice pleading. *See Lee v. City of Los Angeles,* 250 F.3d at 668, 679 (9th Cir.2001) (explaining that the liberal system of notice pleading does not permit a federal court to apply a heightened plead-

---

1. Cooper should not be faulted (as the majority so faults him) for basing his claim on "a single incident of revocation of [his] licenses." Ante at 699. Because his complaint was dismissed for failure to state a claim, he has had no opportunity to conduct discovery and possibly point to specific evidence of the larger policy or custom that he alleges.

2. Even the County of Los Angeles recognized in its own motion to dismiss that Cooper's second cause of action (Complaint ¶¶ 17–22) "purports to be a *Monell* Cause of Action against the County of Los Angeles."

ing standard to a § 1983 complaint alleging municipal liability).

The majority also fails to recognize that the district court mistakenly assumed that the County was immune from suit under *Monell* when it granted the 12(b)(6) motion. In its 12(b)(6) motion, the County of Los Angeles advanced only one argument for dismissing Cooper's second cause of action (the *Monell* claim): that the County of Los Angeles was absolutely immune from civil liability for the actions of the District Attorney's office. However, a local government, as opposed to an individual government officer, can assert neither absolute nor qualified immunity as a defense to a § 1983 suit. *Branch v. Tunnell,* 14 F.3d 449, 456 (9th Cir.1994) ("[M]unicipalities—unlike individuals sued under § 1983—do not have immunity (either absolute or qualified) from suit."). The district court presumably accepted this argument when it dismissed Cooper's *Monell* claim "because said cause of action does not allege a policy and/or custom for which liability can attach."

The majority not only fails to take the opportunity to fix this error on appeal, but compounds it by affirming the decision below (albeit on grounds not relied on by the district court). This Court, and all federal courts, for that matter, is required to take all the allegations in Cooper's complaint as true on a 12(b)(6) motion. *Argabright v. United States,* 35 F.3d 472, 474 (9th Cir.1994) ("Dismissal of a complaint under Fed. R. Civ. Pro. 12(b)(6) is reviewed de novo, and all allegations of material fact in the complaint are taken as true and are construed in the light most favorable to the nonmoving party.") (internal quotation marks and citation omitted). Had the majority hewn to this long-followed rule, it would have properly concluded that it must take as true Cooper's claims that the County failed to adequately

train its employees or suspended licenses improperly. Regardless of whether these claims would ultimately succeed on the merits, I believe that Circuit precedent clearly affords him the opportunity to try and make good on his allegations. I therefore dissent from today's holding, which takes this opportunity from him.