T.C. Memo. 2004-139


UNITED STATES TAX COURT


ROBERT B. KEMP, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5330-02.                    Filed June 10, 2004.


<u>John P. Konvalinka</u>, for petitioner.

<u>Monica D. Armstrong</u>, for respondent.


MEMORANDUM OPINION


GALE, <u>Judge</u>:  Respondent issued a notice of final

determination denying petitioner's claim for an abatement of

interest on his 1989 and 1990 Federal income tax liabilities.

Petitioner timely filed a petition for review with this Court

pursuant to section 6404(h).[1]  The issue for decision is whether respondent abused his discretion in failing to abate interest on petitioner's Federal income tax liabilities for 1989 and 1990. We hold that he did not.

### Background

The parties submitted this case fully stipulated pursuant to Rule 122.  The stipulation of facts and the attached exhibits are incorporated herein by this reference.  At the time of filing of the petition, petitioner resided in Hixson, Tennessee.

In June 1994, petitioner was informed by letter that his 1992 Federal income tax return had been selected for examination. The letter also requested certain documents, including petitioner's 1991 and 1993 Federal income tax returns.  Later that month, petitioner had lengthy meetings with the revenue agent who was conducting the examination.  The revenue agent went on maternity leave 2 months later.

In September 1994, petitioner filed amended Federal income tax returns for 1991, 1992, and 1993, reporting additional taxable income of $173,817, $191,595, and $63,628, respectively.

---

[1] Unless otherwise indicated, all section references are to the applicable provision of the Internal Revenue Code for the periods involved, and all Rule references are to the Tax Court Rules of Practice and Procedure.

On or about February 21, 1995, petitioner filed an amended Federal income tax return for 1990, reporting additional taxable income of $134,859.

Petitioner paid all of the additional tax due and accrued interest with respect to the foregoing amended returns.

At some point between June 1994 and April 1995, petitioner's 1993 taxable year was added to the examination covering 1992. In April 1995, petitioner's examination was assigned to a new revenue agent, who discussed the examination of 1992 and 1993 on two occasions with petitioner's representative. No additional information was obtained from petitioner by respondent after August 10, 1995.

On or about August 25, 1995, the revenue agent examining petitioner's returns initiated a civil fraud referral for 1992 and 1993, and on September 12, 1995, the agent issued a 30-day letter to petitioner proposing civil fraud penalties for those 2 years.

On September 20, 1995, a special agent from respondent's Criminal Investigation Division met with the revenue agent conducting petitioner's 1992 and 1993 examination regarding petitioner's case, and all civil action concerning those years ceased. On December 15, 1995, the special agent issued a memorandum to respondent's Examination Division advising it to suspend or not initiate any civil action against petitioner for

individual income tax returns for the years 1989 through 1993, on account of a grand jury investigation of alleged violations of section 7206(1). The memorandum further ordered the transfer of all original returns and administrative files for the foregoing years.

On April 9, 1996, a Federal grand jury returned a 15-count indictment against petitioner, including 4 counts of alleged violation of section 7206(1) for taxable years 1989 through 1992, and various nontax criminal violations.

Sometime in July or August 1996, petitioner filed an amended Federal income tax return for 1989, reporting additional taxable income of $128,265 and additional tax due of $37,876.[2] Petitioner paid the resulting additional tax due and accrued interest.

Petitioner's criminal trial commenced on September 10, 1996. On September 13, 1996, a jury found petitioner guilty of violating section 7206(1) for each of the taxable years 1989 through 1992. Petitioner was acquitted of all nontax charges. Petitioner filed a timely appeal.

---

[2] The parties stipulated that the amended return for 1989 was filed in April 1996 reporting additional taxable income of $102,506. However, the actual amended return in evidence indicates the time and amount described above. This discrepancy does not, in any event, affect the analysis or the result in this case.

On December 29, 1997, respondent issued a notice of deficiency to petitioner determining fraud penalties under section 6663 for 1992 and 1993. Petitioner filed a timely petition in this Court, seeking a redetermination of the fraud penalties for 1992 and 1993.

On July 6, 1998, petitioner's conviction was affirmed by the Court of Appeals for the Sixth Circuit.

On or about August 3, 1998, petitioner received a letter from respondent stating in part: "Thank you for your inquiry of June 05, 1998. We have resolved your problem with your 1989 tax return. Please disregard the prior request."

By memorandum dated March 3, 1999, District Counsel of respondent advised respondent's Examination Division that the criminal proceedings against petitioner were concluded.

In connection with the proceedings in this Court concerning a redetermination of the 1992 and 1993 fraud penalties, petitioner and respondent became involved in a dispute over discovery and a continuance of the trial. On July 16, 1999, petitioner requested a continuance, which was granted on July 20, 1999. On July 19, 1999, the revenue agent who conducted the examination of petitioner's 1992 and 1993 taxable years met with respondent's counsel at the U.S. attorney's office to review the record in petitioner's criminal case. At that time, upon a review of the criminal case record and the administrative file,

the decision was made to assert civil fraud penalties against petitioner for 1989, 1990, and 1991.

On October 4, 1999, respondent issued a notice of deficiency to petitioner determining fraud penalties under section 6663 for 1989, 1990, and 1991.  Petitioner sought a redetermination in this Court only with respect to the fraud penalty for 1991.

The fraud penalties for 1989 and 1990 were assessed on April 19, 2000, and petitioner paid them on October 17, 2000.  On October 20, 2000, petitioner filed a Claim for Refund and Request for Abatement of Penalty and Interest with respect to 1989 and 1990.  On September 6, 2001, respondent sent petitioner a letter advising him of a preliminary determination to deny his claim for abatement of interest, with an "explanation" of the reasons for the denial attached.  The attached explanation stated in part:

> Your claim for abatement of interest cannot be allowed since there were no errors or delays in performing a ministerial act.  For instance, the agent taking maternity leave * * * is not a ministerial act, nor is the delay caused by the investigation, the appeal process, or the court proceedings.

Petitioner administratively appealed this determination, and on January 11, 2002, respondent issued a notice of final determination to petitioner denying his request for abatement of interest for 1989 and 1990 and giving the following reason: "There was no error or delay relating to the performance of a ministerial act in processing the examination of your return."

## Discussion

Interest on a Federal income tax liability, including a fraud penalty, generally begins to accrue on the due date of the return. Secs. 6601(a), (e)(2)(B), 6622.

The Commissioner has authority to abate an assessment of interest on a deficiency or payment of income tax if the accrual of such interest is attributable to an error or delay by an officer or employee of the Internal Revenue Service in performing a ministerial act. Sec. 6404(e)(1).[3] A ministerial act means a procedural or mechanical act that does not involve the exercise of judgment. Lee v. Commissioner, 113 T.C. 145, 149-150 (1999); sec. 301.6404-2T, Temporary Proced. & Admin. Regs., 52 Fed. Reg. 30163 (Aug. 13, 1987). Any such error or delay shall be taken into account "only * * * after the Internal Revenue Service has contacted the taxpayer in writing with respect to * * * [the] deficiency or payment" on which the interest has accrued. Sec. 6404(e)(1). Finally, the legislative history indicates that Congress did not intend the abatement authority to be used routinely to avoid payment of interest; rather, Congress intended the provision to be used in instances "where failure to abate

---

[3] Sec. 6404(e) was amended by the Taxpayer Bill of Rights 2, Pub. L. 104-168, sec. 301, 110 Stat. 1457 (1996), to permit the Commissioner to abate interest with respect to an "unreasonable" error or delay resulting from "managerial" or ministerial acts. The amendment is effective for interest accruing with respect to deficiencies or payments for tax years beginning after July 30, 1996, and is therefore inapplicable here.

interest would be widely perceived as grossly unfair."  S. Rept. 99-313, at 208 (1986), 1986-3 C.B. (Vol. 3) 1, 208; H. Rept. 99-426, at 844 (1985), 1986-3 C.B. (Vol. 2) 1, 844.  We have jurisdiction to order an abatement of interest where the Commissioner's failure to do so is an abuse of discretion.  Sec. 6404(i)(1).[4]

Petitioner seeks an abatement of all interest accrued with respect to the fraud penalties for 1989 and 1990, in effect claiming that the abatement should cover the entire period back to the due date of the returns for those years.  Invoking section 301.6404-2T, Example (2), Temporary Proced. & Admin. Regs., supra,[5] petitioner contends that respondent's October 4, 1999 issuance of the notice of deficiency determining the 1989 and 1990 fraud penalties was a ministerial act that was improperly delayed, since respondent possessed all information and had completed all consultations with respect to these penalties by August 1995.  Further, petitioner argues, the imposition of interest in these circumstances would be "widely perceived as grossly unfair" because respondent delayed asserting the 1989 and 1990 fraud penalties as a "litigation tactic" in the proceedings

---

[4] In 2002, sec. 6404(i) was redesignated sec. 6404(h). Victims of Terrorism Tax Relief Act of 2001, Pub. L. 107-134, sec. 112(d)(1)(B), 115 Stat. 2434 (2002).

[5] For taxable years beginning after July 30, 1996, this regulation has been amended and made final.  See sec. 301.6404-2(d), Proced. & Admin. Regs.

before this Court involving a redetermination of the fraud penalties determined for 1992 and 1993.

Respondent counters that there was no ministerial delay in connection with the October 1999 determination of the fraud penalties for 1989 and 1990 because respondent was restricted from examining petitioner's 1989 and 1990 amended returns, because of the criminal prosecution of petitioner covering those years, until the March 3, 1999 memorandum of District Counsel advising respondent's Examination Division of the conclusion of the criminal proceedings. Respondent further argues that, in any event, respondent's first contact in writing with petitioner regarding the 1989 and 1990 fraud penalties was the October 4, 1999 notice of deficiency.

We find untenable petitioner's argument that any delay beyond August 1995 in issuing a notice of deficiency determining the 1989 and 1990 fraud penalties constituted a delay or error in the performance of a ministerial act.[6] Petitioner contends that all information had been provided to respondent, and all consultations completed, with respect to the 1989 and 1990 fraud

---

[6] Other than his bald claim that all interest should be abated, petitioner offers no argument in support of the proposition that an abatement back to the due dates of his 1989 and 1990 returns should occur. We accordingly consider only the earliest claim for which petitioner offers any support; namely, that interest should be abated starting in August 1995 because respondent should have issued a notice of deficiency concerning the 1989 and 1990 fraud penalties at that time.

penalties by August 1995.  In so contending, petitioner claims to fall within section 301.6404-2T, Example (2), Temporary Proced. & Admin. Regs., supra.[7]  The example provides that, where an examination of a taxpayer's return has revealed a deficiency, the issuance of a notice of deficiency is a ministerial act "After the taxpayer and the Internal Revenue Service have identified all agreed and unagreed issues, the notice has been prepared and reviewed (including review by District Counsel, if necessary) and any other relevant prerequisites have been completed".  Id. Petitioner's 1989 amended return, reporting the previously unreported income upon which the fraud penalty was based, had not even been submitted to respondent in August 1995.  It was not submitted until July or August 1996, by which time civil action for the years 1989 through 1993 had been suspended.

While petitioner's amended return for 1990 had been submitted in February 1995, before the suspension of civil action, petitioner has not shown that a notice of deficiency for 1990 had been prepared or reviewed, or that all other relevant prerequisites for its issuance had been completed, before the suspension of civil action in December 1995.  Once civil action was suspended to facilitate development of the criminal case against petitioner, the delay in taking actions in the civil cases for 1989 and 1990, including any delay in issuing a notice

---

[7] See supra note 5.

of deficiency, during the period in which the criminal case was pending, was not a delay in the performance of a ministerial act. See Taylor v. Commissioner, 113 T.C. 206, 213 (1999), affd. 9 Fed. Appx. 700 (9th Cir. 2001). The decision to defer civil proceedings until resolution of the criminal aspects of a case is an exercise of judgment, not a ministerial act. Id. Thus, there was no delay in the performance of a ministerial act with respect to the fraud penalties for 1989 and 1990 through the period that petitioner's criminal case was pending; that is, from the cessation of civil action in December 1995 until the July 6, 1998 affirmance of petitioner's conviction became final.

As for the period between the time that petitioner's conviction became final and the October 4, 1999 issuance of the notice of deficiency determining the 1989 and 1990 fraud penalties, petitioner points to no specific ministerial act that was improperly delayed, other than the issuance of the notice itself. As with the period preceding cessation of civil action, however, petitioner has not shown that all of the necessary review and exercise of judgment that underlay the decision to assert fraud had been completed at this time. In this regard, petitioner's convictions under section 7206(1) for 1989 and 1990 had no preclusive effect with respect to whether he committed civil fraud in those years. See Wright v. Commissioner, 84 T.C. 636 (1985). Thus, a decision to assert civil fraud required an

assessment of the supporting evidence.  Moreover, while petitioner's 1992 and 1993 taxable years had been the subject of an examination that proposed civil fraud penalties before the cessation of civil action, the 1989 and 1990 taxable years had not, insofar as the record discloses.  Thus, the decision to assert fraud in the October 1999 notice necessarily involved a review of the evidence of fraud and the exercise of judgment, the antithesis of a ministerial act.[8]

Accordingly, we conclude that petitioner has failed to demonstrate any error or delay in the performance of a ministerial act before the issuance of the October 4, 1999 notice of deficiency.[9]

---

[8] As for petitioner's contention that respondent's decision to assert fraud for 1989 and 1990 was a "litigation tactic" that, if allowed to give rise to interest, "would be widely perceived as grossly unfair", we note that petitioner did not even attempt to dispute the fraud penalties in this Court.  In any event, perceptions of gross unfairness come into play only once an error or delay in the performance of a ministerial act has been established.

[9] In light of our conclusion that petitioner has failed to identify any ministerial error or delay prior to the issuance of the Oct. 4, 1999 notice of deficiency, we need not decide whether the Aug. 3, 1998 letter petitioner received from respondent was a contact in writing with respect to 1989 for purposes of sec. 6404(e)(1).  Moreover, petitioner has not alleged, nor is there any evidence, that any contact in writing with respect to the deficiencies for 1989 or 1990 occurred in connection with the development of the criminal action against petitioner.  We accordingly express no view concerning whether a written contact in connection with a criminal referral may constitute a contact in writing for purposes of sec. 6404(e)(1).

Petitioner has identified no ministerial error or delay after the October 4, 1999 issuance of the notice of deficiency, and we find none. After issuance of the notice determining the fraud penalties for 1989, 1990, and 1991, petitioner failed to petition this Court with respect to the fraud penalties for 1989 and 1990 determined in the notice. The penalties were assessed 107 days after the expiration of the period for filing a Tax Court petition, on April 19, 2000, and were paid on October 17, 2000.

Petitioner advances one additional basis for finding an abuse of discretion by respondent. Relying on Jacobs v. Commissioner, T.C. Memo. 2000-123, petitioner claims that respondent abused his discretion by failing to disclose the basis for his decision to reject petitioner's claim for abatement of interest. Petitioner's reliance on Jacobs is misplaced. In that case, the Commissioner had given no explanation of his decision not to abate interest, other than a conclusory statement that there were no errors or delays that warranted abatement. Here, while the explanation given in the notice of final determination is likewise conclusory, respondent offered a more detailed statement of his reasons in the written explanation accompanying the preliminary determination to deny abatement. The reasons therein given, to the effect that the delay attributable to the investigation of petitioner's case and the criminal proceedings

did not constitute a delay in the performance of a ministerial act, comport with our conclusion that no ministerial delay occurred in these circumstances.  Moreover, the parties' stipulations and the accompanying exhibits demonstrate that respondent's issuance of the notice of deficiency in question was not a dilatory ministerial act, as petitioner claims.  In sum, petitioner has not shown any abuse of discretion on the ground that respondent failed to provide reasons for his decision not to abate.

We have considered all other contentions raised by petitioner and conclude that they lack merit.

For the foregoing reasons, respondent's refusal to abate any interest with respect to petitioner's 1989 and 1990 deficiencies was not an abuse of discretion.  To reflect the foregoing,

<u>Decision will be entered for respondent</u>.