T.C. Memo. 1997-82


UNITED STATES TAX COURT


JEFF R. TAYLOR, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8493-96.                    Filed February 18, 1997.



John C. Meaney, for petitioner.

Shirley M. Francis, for respondent.



MEMORANDUM OPINION


PARR, Judge:  Respondent moves for partial summary judgment under Rule 121,[1] arguing that petitioner's plea of guilty to criminal fraud under section 7201 collaterally estops him from

---

[1]    All section references are to the Internal Revenue Code in effect for the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.  All dollar amounts are rounded to the nearest dollar.

rebutting her determination for the taxable year 1987 that he is liable for civil fraud under section 6653(b) for filing a false and fraudulent income tax return with the intent to evade income tax. Respondent further maintains that the deficiency in income tax and the additions to tax due from petitioner for 1987 may be assessed at any time under section 6501(c)(1). Respondent supports her motion with two exhibits; namely, (1) a grand jury indictment (Indictment) of petitioner and (2) petitioner's plea agreement (Plea Agreement).

Petitioner asserts that the doctrine of collateral estoppel does not apply for 1987, because he pleaded guilty under duress, and that the 3-year limitation period under section 6501(a) bars the assessment and collection of the deficiency and additions to tax for 1987.

The respondent's motion for partial summary judgment is based on the pleadings filed in this case.

We must decide whether petitioner is collaterally estopped from contesting that the deficiency in his income tax for 1987 was due to fraud within the meaning of section 6653(b) on account of his plea of guilty to a violation of section 7201. We hold he is.

Background

Respondent determined a deficiency in, and additions to, petitioner's Federal income tax for the taxable year 1987 as follows:

| | | Additions to Tax | | |
|------|------------|-------------------|-------------------|-----------|
| Year | Deficiency | Sec. 6653(b)(1)(A) | Sec. 6653(b)(1)(B) | Sec. 6661 |
| 1987 | $67,508 | $50,631 | 50 percent of the interest due on $67,508 | $16,877 |

Petitioner resided in Tigard, Oregon, at the time he petitioned this Court to redetermine respondent's determination of a deficiency in his income tax and additions to tax as set out above. For 1987, respondent determined that petitioner had $199,796 of unreported income.[2]

The petitioner herein was the defendant in the criminal case of United States v. Taylor, which was docketed in the U.S. District Court for the District of Oregon.

Petitioner was indicted on April 14, 1993, with respect to the criminal matter. The indictment charged that petitioner knowingly and willfully attempted to evade Federal income tax for 1987 by filing a false and fraudulent joint Federal income tax return in violation of section 7201. The indictment charged that petitioner and Janet Taylor reported taxable income of $0, and a tax due and owing of $0 on their 1987 joint Federal income tax return (Form 1040), knowing that their taxable income for 1987 was substantially in excess of such amount.

---

[2] Respondent's motion is for partial summary judgment with respect to the issue of civil fraud pursuant to sec. 6653(b). The amount of the underlying deficiency for 1987 remains to be adjudicated.

In connection with the criminal case, petitioner, who was represented by counsel, pleaded guilty on December 6, 1993, to tax evasion for 1987 in violation of section 7201 in return for a recommendation of a lenient sentence.

Prior to sentencing, petitioner moved to withdraw his guilty plea and requested that the court grant him a jury trial on the ground that his guilty plea was coerced and involuntary, thus violating both his First and Fifth Amendment rights.  The District Court denied petitioner's motion.  The Court of Appeals affirmed the conviction, and the United States Supreme Court denied review.

Petitioner ultimately served 3 years' probation, with 4 months of home detention while attending graduate school in Phoenix, Arizona.

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials.  Florida Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  Rule 121(a) provides that either party may move for summary judgment upon any or all parts of the legal issues in controversy.  When either party makes such a motion, the opposing party must file "An opposing written response, with or without supporting affidavits, * * * within such period as the Court may direct."  Rule 121(b).  A decision on the merits of a party's claim will be rendered by way of summary judgment "if the pleadings, answers to interrogatories,

depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Id.; Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).  The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences are viewed in the light most favorable to the nonmoving party.  United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); Preece v. Commissioner, 95 T.C. 594, 597 (1990).  The existence of any reasonable doubt as to the facts will result in denial of the motion for summary judgment.  Hoeme v. Commissioner, 63 T.C. 18, 20 (1974).

The instant case is ripe for partial summary judgment.  It is well established that petitioner's conviction of criminal tax evasion, under section 7201, collaterally estops him from denying that the deficiency in his income tax for the year in issue was due to fraud for purposes of section 6653(b).  DiLeo v. Commissioner, 96 T.C. 858, 885-886 (1991), affd. 959 F.2d 16 (2d Cir. 1992).  The elements of criminal tax evasion under section 7201 are not dissimilar to the elements of civil tax fraud under section 6653(b), and a guilty plea is equivalent to a conviction after trial for the purpose of collateral estoppel.  See, e.g., Johnson v. Sawyer, 47 F.3d 716, 722 (5th Cir. 1995); Gray v. Commissioner, 708 F.2d 243 (6th Cir. 1983), affg. T.C. Memo.

1981-1; Brooks v. Commissioner, 82 T.C. 413, 431 (1984), affd. without published opinion 772 F.2d 910 (9th Cir. 1985); Amos v. Commissioner, 43 T.C. 50 (1964), affd. 360 F.2d 358 (4th Cir. 1965). Moreover, it is generally assumed that a guilty plea is made voluntarily. Huff v. Commissioner, T.C. Memo. 1988-564.

In the case at bar, it is uncontroverted that the petitioner, a college graduate with several years of experience in business, who was represented by counsel, pleaded guilty to a charge of tax evasion, under section 7201 for 1987. Petitioner asserts, however, that the Supreme Court, in Montana v. United States, 440 U.S. 147, 155, (1979), expressly states that prior to invoking collateral estoppel, a court should inquire into any special circumstances which would warrant "an exception to the normal rules of issue preclusion". It is petitioner's position that his allegedly coerced and involuntary plea of guilty to fraud for 1987 is such an exceptional circumstance. We disagree.

Petitioner raised the issue of coercion on appeal and failed to persuade the Court of Appeals, which affirmed his conviction, and the Supreme Court denied review. The judgment in his criminal case is final. We caution petitioner's counsel that his objection to respondent's motion borders on the behavior proscribed by section 6673(a)(2)(A) (in regard to multiplying the proceedings unreasonably) and Rule 33(b) (in regard to signing a pleading not well grounded in fact nor warranted by existing law,

and interposed for an improper purpose), and may invite sanctions.

We thus hold that petitioner is estopped from denying, for purposes of this case, that he filed a false and fraudulent Federal income tax return, with the intent to evade income tax for 1987.

Finally, because petitioner's fraudulent intent, for purposes of the additions to tax under sections 6653(b)(1)(A) and (B) has been established for 1987, it follows that the assessment and collection of the deficiency in income tax and the additions to tax are not barred by the expiration of the statutory limitation period.  Sec. 6501(c)(1).

Respondent's motion for partial summary judgment will be granted.

To reflect the foregoing,

<u>An appropriate order</u>

<u>will be issued</u>.