T.C. Memo. 2008-193

UNITED STATES TAX COURT

JEFFREY R. TAYLOR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3226-06.                    Filed August 13, 2008.

<u>Jeffrey R. Taylor</u>, pro se.

<u>Shirley M. Francis</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

SWIFT, <u>Judge</u>:  The sole issue for decision is whether petitioner is entitled to relief from joint and several liability under section 6015(b), (c), or (f) with respect to 1986 and 1987 joint Federal income tax deficiencies and additions to tax for civil fraud penalties determined by respondent.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

At the time the petition was filed, petitioner resided in Oregon.

In the early 1980s, after receiving a bachelor's degree in marketing and in political science from the University of Oregon, petitioner and his wife Janet began a wood importing business through Highline Industrial Supply, Inc. (Highline), an Oregon corporation they incorporated. Petitioner and Janet were the sole officers, shareholders, and employees of Highline, and they operated the import business from their home.

Highline sold imported wood from Russia to furniture and cabinet manufacturers throughout the United States. In 1986 and 1987 Highline had annual gross sales of approximately $4 million.

During 1986 and 1987 petitioner and Janet diverted funds of Highline to their personal use by writing and signing checks drawn on Highline's business checking account to pay for personal items such as automobiles, horses, boats, and jewelry.

On their joint Federal income tax return for 1986, petitioner and Janet reported only $94 in interest income, no wage income, and zero in taxable income.

On their joint Federal income tax return for 1987, petitioner and Janet reported $143 in interest income, $37,500 in wage income, offsetting adjustments and deductions, and zero in taxable income.

Each year, petitioner prepared his and Janet's joint Federal income tax return. On their 1986 and 1987 joint Federal income tax returns, petitioner did not report as wages, as dividends, or as other income the funds he and Janet diverted from Highline for their personal use. Petitioner also prepared Highline's corporate Federal income tax return for each year.

Respondent's audit of petitioner and Janet's 1986 and 1987 joint Federal income tax returns was suspended while reference thereof was made to respondent's Criminal Investigation Division and to the Tax Division of the U.S. Department of Justice.

On April 14, 1993, petitioner and Janet were indicted by a Federal grand jury for tax evasion. Petitioner and Janet were charged with knowingly and willfully attempting to evade Federal income taxes for 1986 and 1987 by filing false and fraudulent joint Federal income tax returns in violation of section 7201. The indictment charged that petitioner and Janet reported taxable income of zero on their 1986 and 1987 joint Federal income tax returns, knowing that their taxable income for 1986 and 1987 was substantially greater than zero.

Petitioner, who was represented by counsel, pleaded guilty to count 2 of the indictment (namely, to willful tax evasion by filing a false and fraudulent 1987 return). As part of the plea agreement, the other count of the indictment filed against petitioner relating to 1986 was dismissed.

On November 12, 1993, petitioner filed a motion to withdraw his guilty plea, which was denied, and petitioner was sentenced to 3 years of probation and was ordered to pay $54,088 in restitution and a $1,000 criminal fine. Petitioner then filed a motion in the U.S. District Court for the District of Oregon for a new trial requesting that he be granted a jury trial on the ground that his guilty plea was involuntary. The District Court denied petitioner's motion, and the U.S. Court of Appeals for the Ninth Circuit affirmed. See United States v. Taylor, 70 F.3d 121 (9th Cir. 1995) (unpublished opinion). Subsequently, the Supreme Court denied petitioner's petition for a writ of certiorari. See Taylor v. United States, 517 U.S. 1222 (1996).

On February 16, 1996, respondent mailed a notice of deficiency to petitioner and to Janet determining deficiencies and additions to tax in petitioner and Janet's 1986 and 1987 Federal income taxes. The deficiencies included adjustments for unreported wages and constructive dividends from Highline, as well as section 6653(b) additions to tax for fraud.

Taylor v. Commr., Dkt. No. 8493-96 (Tax Deficiencies & Penalties)

On May 3, 1996, petitioner petitioned this Court to redetermine respondent's determination of deficiencies and the fraud additions to tax for 1986 and 1987.

On December 2, 1996, respondent filed with this Court a motion for partial summary judgment, requesting that petitioner be collaterally estopped for 1987 from denying liability for civil fraud under section 6653(b) because of petitioner's guilty plea to criminal fraud under section 7201. On February 18, 1997, despite petitioner's claims that his guilty plea was coerced and involuntary, we granted respondent's motion. Taylor v. Commissioner, T.C. Memo. 1997-82.

Petitioner and respondent ultimately reached a settlement as to petitioner's liability for the 1986 and 1987 tax deficiencies and the additions to tax for civil fraud, and on April 18, 1997, a stipulated decision was entered wherein respondent conceded portions of the determined deficiencies and additions to tax for fraud. Petitioner and respondent also agreed that petitioner should receive partial but significant relief under section 6013(e)[1] from joint and several liability relating to the tax

---

[1] It appears the sec. 6013(e) relief petitioner received was based on the fact that most of the checks drawn on Highline's business checking account were written and signed by Janet.

Sec. 6013(e) was repealed and was replaced by the expanded relief from joint liability set forth in sec. 6015, as part of (continued...)

deficiencies and civil fraud penalties and that after such relief, petitioner owed deficiencies and additions to tax for fraud for 1986 and 1987 in the following reduced amounts.

| | | Additions to Tax | |
|------|------------|------------------|------------------|
| Year | Deficiency | Sec. 6653(b)(1)(A) | Sec. 6653(b)(1)(B) |
| 1986 | $ 1,424 | $1,500 | * |
| 1987 | 16,896 | 5,812 | * |

* The additions to tax under sec. 6653(b)(1)(B) consist of 50 percent of the interest payable under sec. 6601 with respect to the portion of the underpayments which is attributable to fraud, which by settlement was determined to be $2,000 and $7,750 for 1986 and 1987, respectively.

Hereinafter we refer to the above tax deficiencies and additions to tax reflected in the above settlement as the remaining tax deficiencies and penalties.

On January 22, 1999, petitioner filed a motion for leave to file a motion to vacate the above April 18, 1997, stipulated decision which we denied on February 10, 1999.

---

[1](...continued)
the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3201(a), 112 Stat. 734. Sec. 6015 was given retroactive effect to the extent that it was made applicable to any liability for tax arising on or before July 22, 1998, but remaining unpaid as of such date, and to any liability for tax arising after July 22, 1998. Id. sec. 3201(g), 112 Stat. 740.

Taylor v. Commr., Dkt. No. 15544-98 (Interest Abatement Case)

On September 21, 1998, petitioner filed another petition with this Court requesting abatement of interest relating to petitioner and Janet's 1986 and 1987 tax deficiencies. We concluded that petitioner was not entitled to an abatement of interest relating to those years. Taylor v. Commissioner, 113 T.C. 206 (1999), affd. 9 Fed. Appx. 700 (9th Cir. 2001).

Taylor v. Commr., Dkt. No. 3226-06 (The Instant Case)

On or about September 30, 2002, petitioner filed with respondent a Form 8857, Request for Innocent Spouse Relief, in which petitioner claimed that he was unaware of the understatements of tax relating to the 1986 and 1987 joint Federal income tax returns and sought additional relief under section 6015(b), (c), and (f) with regard to the remaining tax deficiencies and penalties.

On November 21, 2005, respondent mailed to petitioner a notice of determination denying petitioner's request for the additional requested innocent spouse relief.

OPINION

Generally, taxpayers filing joint Federal income tax returns are jointly liable for taxes reported due thereon. Sec. 6013(d)(3). Petitioner argues that he is entitled to relief from joint liability under section 6015(b), (c), or (f).

To qualify for relief under section 6015(b), among other things, a requesting spouse must establish that there was an understatement of tax attributable to erroneous items of the nonrequesting spouse and that at the time of signing the return the requesting spouse did not know, and had no reason to know, of the understatement or the extent of the understatement.  Sec. 6015(b)(1)(B), (C), (2).

Under section 6015(c), among other things, a requesting spouse may receive relief from joint and several liability to the extent of the portion of the income tax deficiency allocable to the nonrequesting spouse.  Cheshire v. Commissioner, 115 T.C. 183, 193 (2000), affd. 282 F.3d 326 (5th Cir. 2002).  However, if respondent demonstrates by a preponderance of the evidence that the requesting spouse seeking relief under section 6015(c) had actual knowledge, at the time of signing the return, of the items giving rise to a deficiency (or a portion thereof), no relief is available under section 6015(c).  Sec. 6015(c)(3)(C); Culver v. Commissioner, 116 T.C. 189, 196 (2001).

The evidence shows that petitioner had actual knowledge of the items that gave rise to the remaining deficiencies and that petitioner had actual knowledge of the existence and extent of the understatements at the time of signing the 1986 and 1987 joint Federal income tax returns.  Indeed, the only reasonable conclusion that can be drawn from the evidence (namely,

petitioner's involvement in Highline, his preparation of the Federal income tax returns, his criminal conviction for tax evasion for 1987, and the acknowledgment embodied in the stipulated decision in docket No. 8493-96 that he owed deficiencies and additions to tax for fraud for 1986 and 1987) is that petitioner had actual knowledge of the agreed-upon tax deficiencies and penalties. Accordingly petitioner is not entitled to relief under section 6015(b) or (c) in addition to the relief already granted to him under former section 6013(e).

Petitioner argues that we should place little weight on his conviction for tax evasion and on the stipulated decision in docket No. 8493-96, wherein petitioner agreed he is liable for tax deficiencies and fraud additions to tax for 1986 and 1987. We simply note that the validity of petitioner's guilty plea has been litigated and decided by this and other courts.

Petitioner also argues that because in docket No. 8493-96 he was granted partial relief under former section 6013(e), we are bound under section 6015 to grant him the requested additional relief under section 6015(f). Although section 6015 generally makes relief from joint liability more accessible and easier to obtain than former section 6013(e), Culver v. Commissioner, supra at 194, we are not obligated to give additional relief to

petitioner concerning the remaining deficiencies and additions to tax simply because partial relief was granted under section 6013(e).

Under section 6015(f) respondent is granted discretion to award additional relief from joint liability if the facts and circumstances indicate that it would be inequitable to hold the requesting spouse liable for a deficiency. Dowell v. Commissioner, T.C. Memo. 2007-326. In declining to extend additional relief to petitioner under section 6015(f), respondent committed no error. Among other things, in light of petitioner's admission of willful tax evasion for 1987 and petitioner's settlement of his tax liabilities which included civil fraud penalties for 1986 and 1987, respondent acted reasonably in determining that petitioner was not eligible for equitable relief under section 6015(f). See Rev. Proc. 2000-15, sec. 4.01, 2000-1 C.B. 447, 448.

We have considered all arguments made herein, and, to the extent not addressed, we conclude that they are without merit or are irrelevant.[2]

---

[2] Respondent argues alternatively that under common law principles of res judicata and under sec. 6015(g)(2) petitioner is barred from requesting relief under sec. 6015. Specifically, respondent argues that because petitioner filed with this Court a motion for leave to vacate the stipulated decision in docket No. 8493-96, petitioner should be treated as having participated meaningfully in a prior proceeding and therefore under sec. 6015(g)(2) no additional relief should be available to petitioner
(continued...)

To reflect the foregoing,

Decision will be entered

for respondent.

---

[2](...continued)
under sec. 6015(b), (c), or (f).  Having denied petitioner relief
under sec. 6015(b), (c), and (f), we need not consider
respondent's alternative argument under sec. 6015(g)(2).